*SPENCER MARSH et al., plaintiffs in error, v. ALEXANDER M. LAZENBY, defendant in error.

(Atlanta, June Term, 1870.)

HOMESTEAD—HEAD OF FAMILY*—UNMARRIED MAN SUPPORTING INDIGENT MOTHER AND SISTERS.—An unmarried man, whose indigent mother and sisters live with him, and are supported by him, is the head of a family in the sense in which the term is used by the Constitution of the State, and is entitled to a Homestead.

Homestead. Before Judge Kirby. Walker Superior Court. March Term, 1870.

In January, 1870, Lazenby applied to the Ordinary of said

---

*HOMESTEAD—HEAD OF FAMILY—LEGAL OBLIGATION TO SUPPORT.—See foot-note to Lynch v. Pace, 40 Ga. 173.

An indigent sister and her children, though mainly dependent on the applicant for support do not constitute a family for whose benefit he can take a homestead. To constitute one head of a family within the meaning of the homestead clause of the constitution of 1868, there

county for the setting apart, as his homestead, of three hundred and forty-five acres of land, on which he lived, and for the exemption of certain personalty.   In his petition this property was fully described, and he claimed that he was entitled to it because he was the head of a family, composed of his mother and two sisters.   Marsh and others, alli judgment creditors of · Lazenby, opposed the petition, upon the ground that Lazenby was not the head of a family.   The Ordinary dismissed the application and Lazenby appealed to the Superior Court.

There said objectors renewed their ·demurrer to said petition, on said ground, but it was overruled.   It was then admitted that Lazenby was an old bachelor, without wife or child, that his mother and two sisters, each over twenty-one years old, lived with him, in his house on said land, and that he had been providing for and taking care of them for several years, and that the objectors were judgment creditors, as aforesaid.   The Court was requested to charge the jury that if Lazenby had no wife or child, they must find against his . application, that a bachelor can not be the head of a family in this State.   He refused so to' charge.   What he did charge does not appear, but the jury found in favor of the application, and the· homestead was set apart, etc.   Said creditors assign said overruling of the demurrer and the refusal to charge as requested, as error.

must be some legal obligation on him to support its members.  Dendy *v.* Gamble, 64 Ga. 528, citing Lynch *v.* Pace, 40 Ga. 173; Marsh *v.* Lazenby, 41 Ga. 153; Calhoun *v.* McLendon, 42 Ga. 405.

SAME—SAME—FAMILY CONSISTING OF INDIGENT SISTER AND HER CHILDREN.—An application for a homestead alleging that the applicant is the head of the family consisting of his indigent daughter and her children, dependent upon him, is not demurrable on general demurrer, and should not be dismissed; if the allegation be not clear that the daughter was a widow, it was amendable and on special demurrer it could have been so amended.  It was decided in Marsh *v.* Lazenby, 41 Ga. 153, that the head of a family consisting of a mother and sisters was entitled to a homestead; the principle there decided covers in reason and spirit this case.  Blackwell *v.* Broughton, 56 Ga. 390.

SAME—SAME—STEP-MOTHER OF MINOR CHILDREN.—The testator's widow and step-mother of his minor children, undertaking after his death to keep together and to care for and support the minors, became the head of a family, and as such was entitled to a homestead for the benefit of herself and the minors. Holloway *v.* Holloway, 86 Ga. 576, 12 S. E. Rep. 943. In this case, the court, citing the principal case, said: "When Mrs. Holloway took the minor children under her care and custody, she stood in the relation of a parent to them and took upon herself that obligation. She then was under a moral obligation to support and maintain these children, and the authorities hold that such a moral obligation is sufficient to entitle her to have a homestead set apart for the benefit of herself and the minor children."

SAME—SAME—KIND OF FAMILY NOT DISCLOSED IN APPLICATION.—When homestead was applied for expressly under the act of October 3, 1868, and the applicant a woman, described herself as the head of a family, and the homestead was laid off, approved

Marsh v. Lazenby

A. C. Howell, D. C. Sutton, and H. P. Lumpkin, by E. F. Hoge, for plaintiffs in error.

154        *John Taylor, by E. N. Broyles, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

The record in this case shows, that the applicant for a homestead was "an old bachelor, without wife or child," but that his mother and two sisters, all of whom are over twenty-one years of age, were living in the same house with him, on the land which he seeks to have set apart as a homestead for his and their use, and that the applicant had been providing for and taking care of his mother and sisters for several years. The only question presented for our decision is, did this constitute a family of which the applicant was the head? We hold that it did, especially as to the mother. A husband, a widow, a guardian or trustee, who represents those who are dependent upon him or her for a support, and is the head of a family of such dependants, is entitled to a homestead; and we see no reason why the same rule does not apply in favor of the head of any other household of dependants whom it is his legal duty to support.

Our Code points out who are entitled to assistance from

and recorded, the proceeding was not void because the kind of family, whether one of minor children or otherwise, was not disclosed. The presumption is that the family was such as the act cited in the application makes provision for. "The presence of minor children in a family is not essential to the homestead right. (Marsh v. Lazenby), 41 Ga. 153; (Blackwell v. Broughton), 56 Ga. 390." Cowart v. Page, 59 Ga. 235.

SAME — SAME — DEPENDENT MINOR GRANDCHILD — CONTINUATION OF HOMESTEAD.—Where a homestead was taken by a man as head of a family including not only his wife, but also a minor female grandchild who lived with him and was dependent on him, the death of the wife did not terminate the homestead estate, but it continued so long as the minor child remained so dependent. Hall v. Matthews, 68 Ga. 490, citing the principal case.

SAME—APPEAL—CERTIORARI.—An appeal does not lie to the superior court from a judgment rendered by the ordinary sustaining a demurrer to an application for a homestead. In such a case the exclusive remedy for reviewing the judgment is by certiorari. Cunningham v. United States, etc., Co., 109 Ga. 616, 34 S. E. Rep. 1024. On page 620, the court said: "Our attention has been called to several cases which have been before this court where appeals were taken from similar decisions of the ordinary in homestead matters; for instance, the case of Marsh v. Lazenby, 41 Ga. 153. It appears from the facts recited in that case that it was tried in the superior court on an appeal from the judgment of the ordinary dismissing the petition of the applicant for a homestead. See also Kirtland v. Davis, 43 Ga. 318; Lynch v. Pollard, 40 Ga. 173; Crawford v. Ward, 49 Ga. 43; Blackwell v. Broughton, 56 Ga. 390; Burns v. Chandler, 61 Ga. 385. In the cases cited this court passed upon the issues that were decided in the trial of the case on appeal to the superior court from the decision of the ordinary. But in none of these cases, or in any others that we have been able to find, was the question ever made before this court as to whether or not an appeal was the proper remedy."

the county as paupers, and declares that in cases where families are unable to maintain themselves, and the helpless children they may have also, they may be aided to the extent required, in the furnishing of food, clothing and shelter. It then adds, Section 786: "If any such person has father, mother, or child of sufficient ability, he or she must be supported by them, and failing so to do, any county in the State, having made provision for such persons, may sue persons of full age standing in such relation to them, and recover for the time such county has made provisions for such person; always provided, the person sued was possessed of such ability."

Here the applicant had taken his mother and two sisters to live with him, and as they were indigent, and he was providing for them, and the law imposed upon him the duty, which is sanctioned by every just and generous impulse of our nature, to take care of and support his mother, who is dependent upon him, we hold that he is the head of a family *in contemplation of law, with the same rights as any other head of a family, while this relation lasts and the necessity exists.

Judgment affirmed.