JAMES RUSHIN, plaintiff in error, v. JAMES R. GAUSE, defendant in error.

(Atlanta, June Term, 1870.)

BANKRUPTCY*—HOMESTEAD—EXEMPTION FROM LEVY AND SALE EVEN FOR PURCHASE MONEY.†—The homestead and exemption provision of the Code is the exemption law of this State, referred to in the bankrupt act of the United States, and, as by the Code, said homestead is not subject to levy and sale, even for the purchase-money, a judgment against a discharged bankrupt, though obtained before his discharge, cannot levy upon and sell a homestead for the bankrupt, set apart by the bankrupt officials, even though said judgment be for the purchase-money of the same.

Lien. Exemption. Bankruptcy. Before Judge Andrews. Hancock Superior Court. April Term, 1870.

In June 1863, Gause gave Rushin a promissory note for $362 50, for the purchase of certain land in said county. Rushin sued Gause upon it and obtained judgment on the 10th of October, 1866. The fi. fa. issued upon said judgment was, on the 29th of October, 1869, levied upon said land. Before this levy Gause had been adjudged a bank-

---

*BANKRUPTCY—SETTING APART EXEMPTION IN BANKRUPTCY—EFFECT OF HOLDING OFF PRIOR LIENS.—In Broach v. Powell, 79 Ga. 82, the court said: "This court, however, construing the bankrupt law and the state law together, has, by a very liberal construction, determined that as to exemptions in bankruptcy measured by the latter (and so are all exemptions of land), the due setting apart in bankruptcy has the same effect in holding off prior liens (that is, liens existing at the time of the adjudication), as would a regular setting apart by proceedings before the ordinary in the method prescribed by our own statute. Rushin v. Gause, 41 Ga. 180; Bush v. Lester, 55 Ga. 582; Benedict v. Webb, 57 Ga. 348; Ross v. Worsham, 65 Ga. 624; Brady v. Brady, 71 Ga. 71; Collier v. Simpson, 74 Ga. 697."

†HOMESTEAD—EXEMPTION FROM PURCHASE MONEY —ACT OF 1874.—The act of 1874 making the specific exemption of the Code liable for purchase money does not affect an exemption which has been set apart before the act was passed. Hawks v. Hawks, 64 Ga. 239, citing the principal case.

See also, citing the principal case, Drake v. Bush, 57 Ga. 183.

rupt, under the Act of Congress of the 2d of March, 1867, his schedule filed with his petition for such discharge included said land, and the land was, by his assignee in bankruptcy, regularly laid off and assigned to him as exempt from his debts. He met said levy by an affidavit that it was illegal because said land had been so executed. Rushin did not prove his debt in bankruptcy, but relied on the lien of said judgment. Upon these facts the Court held that said levy was illegal and dismissed it. That is assigned as error.

J. T. Jordan, by William Reese, for plaintiff in error.

Linton Stephens, for defendant, said the bankrupt Act adopts exemptions of force in 1864, and that in 1864 the exemption of realty was not subject to payment of the purchase-money for said realty: Irwin's Code, Section 2013.

McCAY, J.

The bankrupt law of Congress, of the 2d of March, 1867, Section 25, vests in the bankrupt, free from his debts, whatever property the State exempted from levy and sale, under laws in force in the year 1864, and we must presume that the property now levied on, as it was set apart to the debtor, under the proceedings in which he was declared a bankrupt, is property that was exempted by our Code which went into force as the law on the 1st of January, 1863. Section 2013 of the Revised Code, exempts certain real estate from levy and sale as the homestead of the debtor, but makes no exception in favor of a debt due for the purchase-money, as does our Constitution of 1868. The debtor takes the exemption under the law by which it is granted to him. That law did not make it liable to be sold for the purchase-money, and in our judgment it is not so liable.

It is not worth while to repeat the arguments which establish that the "Code" became the law on the 1st of January, 1863, even as to those clauses which altered the previous laws. The Act of December 19th, 1861, can be sustained as a valid Act, and by that Act the Code, as such, is made the law. The provisions in the Code were, without doubt, intended to repeal all the former exemption laws inconsistent with what was there provided. And the Act of 1843, excepting debts due for the purchase-money, is clearly inconsistent with that broad provision of the Code which exempts the property from sale under any judgment. The bankrupt Act discharges the debtor from all debts save those therein specially excepted, and this is not one of the exceptions; and the presumption of law is, that the Bankrupt Court saw to it that all the requisites necessary to make its judgment binding, had been complied with. The fact that the plaintiff saw fit not to prove his debt, cannot help him unless, perhaps, he was the owner of a specific lien.

Judgment affirmed.