SMITH *vs.* ROBERTS, administrator, *et al.*

Where the defendant in *fi. fa.* was adjudged a voluntary bankrupt on October 3, 1877, and his wife applied for a homestead under the constitution of 1868, on the 21st of the same month, and the deed to the assignee in bankruptcy was made two days thereafter, the homestead thus set apart did not protect the land.

Homestead. Bankruptcy. Before Judge JOHNSON. Washington Superior Court.    March Term, 1878.

Roberts, administrator, *et al.*, had certain land levied on as the property of T. J. Smith.    As next friend for his wife, he claimed the land as having been set apart to her out of his property as a homestead.    The jury found the property subject.    Claimant moved for a new trial, which was refused, and he excepted.    For the other facts see the decision.

JAMES K. HINES, for plaintiff in error, cited 44 *Ga.*, 339; *Ib.*, 133; Rev. Stats. U. S., §§5044, 545; 55 *Ga.*, 579; 56 *Ib.*, 559, 562; Code, §§2012, 2022; act M'ch. 3, 1873, vol. 17, p. 577; act M'ch. 2, 1867, vol. 14, p. 522.

LANGMADE & EVANS, by brief, for defendants, cited 44 *Ga.*, 136, 339; Bump on Bankruptcy, 7 ed., 149; 3 Bank. Rep., 142.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to the *fi. fa.* levied thereon.    A motion for a new trial was made on the grounds therein stated, which was overruled, and the claimant excepted.

The property was claimed as having been set apart to the wife of the defendant in execution as a homestead.    It appears from the record that the defendant, T. J. Smith, on his voluntary application, was adjudged a bankrupt on the 3d of October, 1877, that his wife, on the 21st of October, 1877, filed her application for homestead.    The deed of assignment in bankruptcy was made 23d October, 1877; the homestead was granted by the ordinary 3d of December, 1877.

The court charged the jury "that in order to entitle the wife of a bankrupt to a homestead under the constitu-

tion of 1868, she must apply for and have the same set apart prior to the adjudication of the husband as a bankrupt, or her application for homestead must be pending at the time of the adjudication," and that is the alleged error complained of here.

In view of the facts of this case as disclosed in the record, there was no error in the charge of the court, nor in overruling the claimant's motion for new trial. *Woolfolk vs. Murray*, 44 *Ga.*, 136. *Lumpkin vs. Eason*, *Ib.*, 339.

Let the judgment of the court below be affirmed.