COLQUITT, governor, vs. BROWN.

1. After the assignee of a bankrupt has set apart certain property to him as a homestead, and the custody of the property has passed out of the bankrupt court, the wife of such bankrupt can take a valid homestead in the property.
2. Debts due the state are not good againt a homestead, unless for taxes.

Bankruptcy.  Homestead.  Before Judge POTTLE.  Hart Superior Court.  March Term, 1879.

Reported in the decision.

SEABORN REESE, solicitor-general, for plaintiff in error.

A. G. McCURRY; W. G. JOHNSON, by brief, for defendant.

WARNER, Chief Justice.

This was a claim case, and by consent was submitted to the decision of the court upon the following agreed statement of facts: "That the property levied on was regularly set apart as a homestead by the ordinary of said county, on the application of claimant, for the benefit of herself and minor children ; said petition was filed in the ordinary's office on the 9th day of January, 1879, and said homestead approved by said ordinary on the 6th of February following ; that the claimant is the wife of L. C. Brown, out of whose estate the homestead was taken ; that the entire estate of said L. C. Brown, at the time of the application for said homestead, and the approval of the same, did not exceed the sum of two thousand dollars' worth of realty, and one thousand dollars' worth of personalty ; that the judgment in said case was obtained against the said L. C. Brown on the 20th of September, 1877, on the forfeiture of a bond in which L. C Brown was bound as security for J. T. Gaulding, for his appearance to answer a criminal charge, said bond having been entered into on the 27th day of

October, 1876; that the levy in said case was made October 18th, 1878, upon the · property set apart as a homestead as aforesaid, and before the said property was so set apart; that L. C. Brown filed his petition in bankruptcy on the 20th day of December, 1877, and obtained a discharge in bankruptcy on the 29th day of August, 1878; that neither the *fi. fa.* levied was proven in bankruptcy, nor the judgment upon which it was issued; that the entire estate of L. C. Brown was set apart to him by his assignee in bankruptcy, and that the same property so set apart in bankruptcy has been set apart as a homestead as aforesaid, the property levied upon being a part of the said homestead legally set apart under and by virtue of the constitution of 1868, and the statutory laws of the state of Georgia in pursuance thereof."

The court decided in favor of the claimant, finding the property not subject; whereupon the plaintiff excepted.

1. There was no error in the ruling of the court in view of the facts disclosed in the record. · In *Smith vs. Roberts*, 61 *Ga.*, 223, the property was in the court of bankruptcy for administration when the wife made her application for the homestead, and so far as it appeared from the record in that case, the control of the property was still in the assignee at the time the homestead was set apart thereon by the ordinary. In this case, the homestead was set apart on the property after the control of it had passed out of the assignee to the husband of the applicant. In the one case the husband may have had no title in him to the property when the homestead was set apart under the constitution and laws of this state; whereas in the case now before us, the husband certainly did have title to the property when the homestead was so set apart, and that constitutes the difference between that case and this case.

2. As to the suggestion that the homestead laws are not operative as against debts due the state, the reply is, that the only exception made in the constitution is "for taxes," and the state is not here claiming taxes due her.

Let the judgment of the court below be affirmed.