## In re TRAMMELL.

## In re MILLER SHOE STORE.

(District Court, N. D. Georgia. April 24, 1925.)

Nos. 2143, 10761.

1. **Bankruptcy ⬤⟶396(1)—State laws at time of filing petition measure bankrupt's right to exemption.**

The state laws existing at filing of petition are measure of bankrupt's right to exemption, which to be allowable must have existed at time of filing petition.

2. **Exemptions ⬤⟶1 — Homestead ⬤⟶1 — Distinction between "exemption" and "homestead," stated.**

"Homestead" and "exemption" are not in law synonymous; a "homestead" consisting of realty, the home place, the home and adjoining land, while an "exemption" is the right

given to a debtor by law to retain a portion of his property without liability to execution or distraint, and may include either realty or personalty, or both.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Exemption (From Execution); Homestead.]

3. **Exemptions ⬤⟶1, 89—Exemptions provided by Georgia laws not in nature of homestead; exemption cannot be waived after setting apart.**

There is no true homestead in Georgia, but under Const. Ga. art. 9, § 1, and Civ. Code Ga. 1910, § 3416 et seq., there is a direct exemption of property without regard to residence or home, realty or personalty, and though such exemption may be waived before setting apart (Const. Ga. art. 9, §§ 3, 5), after setting apart of exempt property it cannot be aliened or incumbered by debtor.

4. **Exemptions ⬤⟶128—Setting apart between levy and sale is timely.**

Setting apart of property exempt under Const. Ga. art. 9, § 1, and Civ. Code Ga. 1910, § 3416, though necessary to defeat sale, is timely, though not had before levy, if made before sale.

5. **Constitutional law ⬤⟶121(1) — Debtor's statutory exemption cannot be increased as to debts in existence without violating contract clause of Constitution.**

Debtor's right of exemption under Const. Ga. art. 9, § 1, and Civ. Code Ga. 1910, § 3416, affects debtor's whole property as an inchoate incumbrance created by law, and cannot be increased as to debts in existence without violating contract clause of federal Constitution.

6. **Bankruptcy ⬤⟶400(2)—Exemptions ⬤⟶128 —"Setting apart" of exempt property is function of bankruptcy court; burden of identification on debtor.**

"Setting apart" of debtor's exempt property is a mere identification of property to which exemption shall be applied, the burden of securing which is put on debtor and is a proper function of bankruptcy court, whose action is equivalent to action by state court in effectuating exemption.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Set Apart.]

7. **Bankruptcy ⬤⟶400(2) — Property exempt, but not set apart before filing petition, may be set apart.**

Property exempt under Const. Ga. art. 9, § 1, and Civ. Code Ga. 1910, § 3416, but not set apart prior to petition in bankruptcy, may be set apart in the bankruptcy proceeding, in view of Bankruptcy Act, 1898, §§ 2 (11), 6, 47 (11), 70 (a), being Comp. St. §§ 9586, 9590, 9631, 9654, and General Order 17.

8. **Bankruptcy ⬤⟶400(2)—Court must decide whether bankrupt may claim exemption under law of his domicile.**

Under Bankruptcy Act 1898, §§ 2 (11), 6 (Comp. St. §§ 9586, 9590), bankruptcy court in setting aside exemption must decide wheth-

er debtor may claim exemption under laws of the state of his domicile.

**9. Exemptions ⚖️16—Alien resident of Georgia having no family within state not entitled to exemption as head of family.**

Alien resident of Georgia having no family within state, but having mother in Poland and sister in other state to whom he regularly sends money, *held* not the head of family entitled to exemption provided by Const. Ga. art. 9, § 1, and Civ. Code Ga. 1910, § 3416.

**10. Exemptions ⚖️25 — Alienage no bar to claim of exemption by resident debtor.**

Alienage of resident of state is no bar to claim of exemption provided by Const. Ga. art. 9, § 1, and Civ. Code Ga. 1910, § 3416.

In Bankruptcy. On review of decisions of referees in the matter of John P. Trammell, bankrupt, denying bankrupt's claim of exemption, and in the matter of the Miller Shoe Store, a partnership bankrupt, granting claim of exemption. Decision in Miller Shoe Store Case affirmed. Decision in Trammell Case reversed.

H. A. Wilkinson, of Dawson, Ga., for bankrupt Trammell.

Clarence H. Calhoun, of Atlanta, Ga., for bankrupt Miller Shoe Store.

R. S. Wimberly, of Lumpkin, Ga., Wallis & Fort, of Americus, Ga., and Little, Powell, Smith & Goldstein, of Atlanta, Ga., for trustee of Trammell.

W. C. Hendrix, of Atlanta, Ga., for trustee of Miller Shoe Store.

SIBLEY, District Judge. Trammell is a voluntary bankrupt who in his schedules claimed as exempt property of the value allowed by the Constitution of Georgia. Miller Shoe Store, a partnership, is an involuntary bankrupt, the partners in which have, in their duly filed schedules, similarly made claims of exemptions. None of the claimants had, at the time of filing of the bankruptcy petition, or at the time of adjudication, secured any setting apart of exempt property before the state tribunals, nor had made any application therefor. The referee, in the former case, on the authority of White v. Stump, 45 S. Ct. 103, 69 L. Ed. ——, October term, 1924, refused to allow any exemption in the bankruptcy court. The referee in the latter case allowed exemptions, thinking the Stump Case not controlling. ·

[1] In White v. Stump, supra, three things are settled: (1) The state laws existing when the petition was filed are the measure of the right to exemptions in bankruptcy. (2) The date of the filing of the petition is the time as of which the right of exemption under the state law must have existed. (3) Under the Idaho law there was no right of exemption for land which had not been actually registered as a homestead before the filing of the bankruptcy petition. The first two propositions are general and apply here. The force of the third depends on a comparison of the laws of Idaho with those of Georgia.

[2] Let it be remembered that a "homestead" and an "exemption" are quite different things. A "homestead" is properly "the home place—the home and the adjoining land." Bouvier, Law Dict. (3d Ed.). It is therefore realty. When established according to statutory requirements, it is commonly made exempt from forced sale, and the family is often given special rights in it. An "exemption" is "the right·given by law to a debtor to retain a portion of his property without its being liable to execution at the suit of a creditor or to distress for rent." Bouvier, Law Dict. (3d Ed.). This right of the debtor may refer to realty, personalty, or both. The Bankruptcy Act nowhere mentions homesteads, but refers to and deals with exemptions only. The statutes of Idaho disclose a direct and absolute exemption from execution of certain kinds of personal property, Comp. Stat. 1919, § 6920. By section 5437 provision is made for the erection of a homestead of realty, and by section 5440 one of· the incidents following thereon is that the homestead is partly exempt from sale on execution. This exemption is incidental, and exists only when the homestead has been fully established. As is clearly pointed out in White v. Stump, supra, the establishment of the homestead requires the execution and acknowledgment and filing for record of a declaration thereof. "The exemption arises when the declaration is filed, and not before. Up to that time the land is subject to execution and attachment like other land; and where a levy is effected while the land is in that condition the *subsequent making and filing of a declaration neither avoids the levy nor prevents a sale under it*." This has been frequently held in other states having similar homesteads. 21 Cyc. p. 514. By the report of the Stump Case in (C. C. A.) 284 F. at page 200, it appears that Stump was allowed his exemption of personalty without question. His wife was denied an exemption in realty because it was not a homestead, with the incident of exemption, when the bankruptcy petition was filed and when the trustee's rights in behalf of creditors attached.

[3, 4] In Georgia there is no true home-

stead. That term is freely used in the headings of code sections and in judicial decisions, but the language of the Legislature in establishing the ancient "short homestead," now Code, § 3416, and following, and of the Constitution of 1877, establishing the alternative "constitutional homestead," uses the more accurate expression "exemption" and "property set apart." In both provisions there is the direct exemption of property from sale, without regard to residence or home, and either of realty or personalty. Exemption is not an incident, but the principal enactment. The incidental matter is rather the establishment, after the setting apart, of certain rights in the dependents as beneficiaries and the imposing of certain disabilities on the debtor. The effective language of the former provision is: "The following property of every debtor who is the head of a family, *shall be exempt* from levy and sale by virtue of any process whatever, * * * but it shall remain for the use and benefit of the family of the debtor." The provision of the Constitution, art. 9, § 1, is: "There *shall be exempt* from levy and sale, by virtue of any process whatever under the laws of this state, except as hereinafter excepted, of the property of every head of a family * * * realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars." Both exemptions must be "set apart." After setting apart, it is a trespass either to levy on, or, having levied, to sell, the exempt property, and the sale is void. The exemptions may be waived before setting apart (Constitution, art. 9, §§ 3 and 5), but afterwards the exempt property cannot be alienated or incumbered by the debtor. Thereafter the dependents become "beneficiaries" and have what is referred to in the decisions as a "homestead estate" and the debtor a "reversion." This twofold aspect of Georgia homesteads, first as a debtor's exemption from sale, and second as resulting in the establishment of certain rights or estates in third persons as beneficiaries, must not be lost sight of. The Georgia decisions are too numerous to review. It has always been held that the "setting apart" of the exempt property, while necessary to defeat a sale, was in time between levy and sale. An application for setting apart pending at the time of sale, by a sort of lis pendens, affects the sale with the results of the application. Kilgore v. Beck, 40 Ga. 293; Blivins v. Johnson, 40 Ga. 297.

[5, 6] The right of exemption affects the debtor's whole property as an inchoate incumbrance created by law, and so could not be increased as to debts in existence without violating the contract clause of the federal Constitution. Gunn v. Barry, 15 Wall. 610, 21 L. Ed. 212. The setting apart is a mere identification of the property to which it shall be applied, the burden of securing which is put on the debtor. Compare Gheen v. Summey, 80 N. C. 187. This identification for a bankrupt debtor has always been an unquestioned function of the bankruptcy court, when not previously accomplished in the state tribunal. The question has rather been whether an identification and valuation by the state court would bind the bankruptcy court. The Bankruptcy Act of 1867, in section 14 (14 Stat. 522), contained provisions as to exemptions under state laws and the recognition of them in bankruptcy which are comparable to those of the present law. The Georgia Constitution of 1868 (article 7, § 1) provided a homestead exemption similar to the present one in material respects. Thereunder it was promptly held by the state courts that a setting apart in the bankruptcy court without action in a state court effectuated the debtor's exemption. Rushin v. Gause, 41 Ga. 180. Indeed, it was held that pending the bankruptcy proceedings, the state tribunal should not act to effectuate the rights of the dependents (Woolfolk v. Murray, 44 Ga. 133), though by proceeding in the state court afterwards these rights might be matured in the property set apart in the bankruptcy court (Colquitt v. Brown, 63 Ga. 440). But without reference to the homestead rights of beneficiaries consequent on state court action, it was settled, and has remained so under present laws, that the setting apart in bankruptcy was equal to action in the state tribunal in effectuating the debtor's exemption, which concerns only himself and his creditors. Bush v. Lester, 55 Ga. 579; Farmer v. Taylor, 56 Ga. 560; Ross v. Worsham, 65 Ga. 624; Evans v. Rounsaville, 115 Ga. 684, 42 S. E. 100; Pincus v. Meinhard, 139 Ga. 365, 77 S. E. 82; Baltimore Bargain House v. Busby, 143 Ga. 734, 85 S. E. 875; Murphy v. Smith, 16 Ga. App. 472, 85 S. E. 791. The same view has been taken in the federal courts. In the early case of Bass, Fed Cas. No. 1091, Justice Bradley, on circuit in Georgia, said: "Nor does it make any difference that the homestead was not ascertained or set out in severalty until after the proceedings in bankruptcy were commenced, or until after the conveyance to the assignee was executed. Whenever properly claimed and designated, the exemption protects it, and the exemption

created by the bankrupt act relates back to the conveyance and limits its operation. Though not designated when the conveyance was executed, it was capable of being designated, and on the principle that id certum est quod certum reddi potest, it is as much entitled to the benefit of the exception as if it had been designated and set apart before the bankruptcy occurred."

This decision, followed throughout the administration of the Act of 1867, was applied to the present act in this district by Judge Newman, in Re Camp (D. C.) 91 F. 745; he holding: "Under Bankruptcy Act 1898, § 47, it is the duty of the trustee to set apart the bankrupt's exemptions as soon as practicable after his appointment, without waiting until such exemptions shall have been allowed and set apart by state officers, according to the procedure prescribed by the laws of the state." This, on reargument, was reaffirmed in Re Hill (D. C.) 96 F. 185. Some divergence of view arose in the Southern district of Georgia on the effect of a waiver of homestead, though not on the duty of the trustee to act without precedent action in the state court. In re Woodruff (D. C.) 96 F. 317. In the Circuit Court of Appeals, the doctrine of the Camp Case was upheld. Woodruff v. Cheeves et al., 105 F. 601, 44 C. C. A. 631. The matter, however, was certified to the Supreme Court, in Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061. It there plainly appeared that the trustee and not the state court had set apart the exemption in controversy. The first contention in the brief of the defendant in error was: "Under the laws of Georgia a debtor cannot claim any property as exempt until it is set apart to him on proceedings instituted for that purpose." The court did not notice the contention, but treated the exemption of the present Georgia Constitution as such an exemption under the state laws as would be effectuated in bankruptcy by the trustee, quoted from the Bass Case as still applicable, and upheld the ruling of the Camp Case.

[7] The Bankruptcy Act and the Orders and Forms provided by the Supreme Court are plainly adapted to apply to specific property exemptions granted as generally as are those of the Georgia law. By section 2 (Comp. St. § 9586) the courts of bankruptcy may "exercise original jurisdiction in bankruptcy proceedings * * * to * * * (11) determine all claims of bankrupts to their exemptions"—not merely to review or ratify and apply the determination of a state court. By section 6 (section 9590):

"This act shall not affect *the allowance* to bankrupts of the exemptions which are *prescribed by the state laws*"—allowance being only another word for "setting apart," the term used in the state law, and the thing allowed being, not what some other court has allowed, but what is *prescribed by state law*. Section 47 (11), being Comp. St. § 9631, expressly makes it the duty of the trustee to *"set apart* the bankrupt's exemptions and report *the items* and estimated *value* thereof to the court"—using the very term of the state law and doing the very thing a state tribunal would do. General Order 17 requires the trustee to report "the articles *set off* to the bankrupt *by him,* etc.," and provides for exception and decision by the referee. The mere application of some decision of a state tribunal is not contemplated. Form 47 reads: "The following is a schedule of property *designated and set apart* to be retained by the bankrupt as his own property under the *provision of the act of Congress* relating to bankruptcy." Section 70 (a) being Comp. St. § 9654, adds little to the argument in excepting from the trustee's title property "which is exempt." It gives no test whatever to determine what is exempt. Practically, it excludes that which the trustee and the court shall set aside as exempt, and as we have seen, they set aside that which is exempt by *the law of the state.* Section 70 (a) as an argument begs the question.

The true adjustment of bankruptcy to the Georgia exemptions is to treat the filing of the petition in bankruptcy as the equivalent of a levy or attachment on all the bankrupt's property, which he may meet before an actual sale by having the exemptions to which he is entitled, if not previously ascertained, set apart to him by the machinery of the bankruptcy court just as he would do in the state court had state process been levied upon it.

Upon this interpretation of the Bankruptcy Act as applied to the Georgia exemptions for more than 50 years, much property of the state has been dealt with. To change it might unsettle many titles. The opposite rule would enable the dishonest to secure their homesteads in the state courts, and then voluntarily go into bankruptcy, while the honest but struggling debtor, suddenly proceeded against involuntarily, could have no exemption. The temptation for all would be to avoid the possibility of such an involuntary bankruptcy by a prepared voluntary one, often taken prematurely and unnecessarily. This is not likely to have been the in-

tent of Congress. It is not the holding of this court. The decision of the referee in the case of Miller Shoe Store is affirmed on this point. That of the referee in the Trammell case is reversed.

[8-10] Levin, one of the partners in the Miller Shoe Store, was denied an exemption by the referee on the ground that he was not a person entitled to one under the Georgia laws. The bankruptcy court in setting aside an exemption may and must decide whether the bankrupt may claim an exemption under the laws of the state of his domicile. Bankruptcy Act, §§ 2 (11), 6; Collier on Bankruptcy (13th Ed.) 284. The Georgia Constitution (article 9, § 1) grants an exemption to "every head of a family * * * or person having the care and support of dependent females of any age, who is not the head of a family." Levin, an alien resident in Georgia, has no family within the state, but has a mother in Poland and a sister in Chicago, Ill., to each of whom he regularly sends money. It does not appear whether they have husbands or what other means of livelihood they have. Levin's alienage is no bar to an exemption, if he be otherwise entitled, since he is domiciled in Georgia and is subject to her laws. 21 Cyc. 470. If his mother and sister lived with him and were indigent and supported by him, he would, because of the moral obligation to support these near relatives, be treated as the head of a family. Marsh v. Lazenby, 41 Ga. 153; Holloway v. Holloway, 86 Ga. 576, 12 S. E. 943, 11 L. R. A. 518, 22 Am. St. Rep. 484. But not thus being within the state, nor intending presently to come, they cannot constitute a Georgia family with Levin as its head. 21 Cyc. 470. It may be doubted whether dependent females who are not residents of the state are within the class for whose benefit as such an exemption is allowed. In this case it does not appear that Levin has either their "care and support" on him, nor that they are really "dependent" on him. The referee correctly denied the exemption.