WHITE, TRUSTEE OF THE ESTATE OF PETE STUMP, BANKRUPT, *v.* VETA STUMP.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 20.  Submitted February 18, 1924.—Decided November 24, 1924.

1. Under the law of Idaho, land does not become exempt as a homestead from levy and sale under judicial process until the prescribed declaration has been filed for record in the office of the county recorder.  P. 311.

2. The exemptions under state law which are allowed by the Bankruptcy Act are only such as exist as present rights when the petition in bankruptcy is filed.  P. 312.

284 Fed. 199, reversed.

CERTIORARI to an order of the Circuit Court of Appeals affirming an order of the District Court which sustained a claim of homestead exemption made by the wife of a bankrupt in the joint behalf of herself and her husband.

*Mr. James E. Babb* for petitioner.  *Mr. Samuel O. Tannahill* and *Mr. Robert D. Leeper* were also on the brief.

*Mr. Harve H. Phipps* for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

Peter Stump was adjudged a bankrupt on his voluntary petition, which was accompanied by the usual schedules. Among the assets listed was a quarter section of land on which he and his family had been and were residing; but

nothing was said at the time about a homestead exemption.  Two months later the bankrupt's wife, with his assent, asked that the land be set apart as an exempt homestead for their joint benefit.  The trustee objected and on a hearing the exemption was disallowed by the referee.  On review that ruling was reversed by the District Court, and on petition for revision the reversal was sustained by the Circuit Court of Appeals, 284 Fed.. 199. The case is here on certiorari.

The laws of the State of Idaho, where the land is situate, provide for a homestead exemption, but only where a declaration that the land is both occupied and claimed as a homestead is made and filed for record as therein prescribed.  If the family consist of husband and wife, whether with or without children, either may make the declaration.  It " must " be executed and acknowledged like a conveyance of real property and " must " be filed for record in the office of the county recorder.  The exemption arises when the declaration is filed, and not before.  Up to that time the land is subject to execution and attachment like other land; and where a levy is effected while the land is in that condition the subsequent making and filing of a declaration neither avoids the levy nor prevents a sale under it.  Idaho Comp. Stat. 1919, §§ 5441, 5462–5465; *Smith* v. *Richards,* 2 Idaho, 498; *Wright* v. *Westheimer,* 3 Idaho, 232; *Law* v. *Spence,* 5 Idaho, 244; *Burbank* v. *Kirby,* 6 Idaho, 210.

Here no declaration was made and filed for record until a month after Stump's petition in bankruptcy was filed and he was adjudged a bankrupt.  A declaration was then made and filed by his wife for their joint benefit.  Whether in these circumstances there was such a right to a homestead exemption as could be recognized and allowed in the bankruptcy proceeding is the question for decision.

The District Court gave an affirmative answer in deference to the decision of the Circuit Court of Appeals for

that circuit in *Brandt* v. *Mayhew,* 218 Fed. 422, a case arising in California, in which it was held, one judge dissenting, that a bankrupt is not precluded from claiming a homestead as exempt merely because, when the petition in bankruptcy is filed, he has not done all that is required by the state law to entitle him to the exemption, but may rightfully demand that the exemption be allowed where he has met the requirements of the state law within a reasonable time after the filing of the petition. The Circuit Court of Appeals adhered to that decision, and therefore sustained the action of the District Court. Other courts in which the question has arisen have regarded the bankruptcy law as meaning that the right to such an exemption must be tested by the situation existing when the petition in bankruptcy is filed, and have held that where the land is not then exempt under the state law it passes to the trustee for the benefit of the creditors. *In re Youngstrom,* 153 Fed. 98; *Edgington* v. *Taylor,* 270 Fed. 48; *In re Lehfeldt,* 225 Fed. 681.

The bankruptcy law does not directly grant or define any exemptions, but directs, in § 6, that the bankrupt be allowed the exemptions " prescribed by the State laws in force at the time of the filing of the petition ";—in other words, it makes the state laws existing when the petition is filed the measure of the right to exemptions. It further provides that a voluntary bankrupt shall claim the exemptions to which he is entitled in a schedule filed " with the petition," and an involuntary bankrupt shall claim his in a schedule filed within ten days after the adjudication, unless further time be granted, § 7, cl. 8; that the trustee shall set apart the exempt property and report the same to the court as soon as practicable after his appointment, § 47a, cl. 11; that the trustee shall be vested by operation of law with the title of the bankrupt to all property, in so far as it is not exempt, which " prior to the filing of the petition " he could by any means have trans-

ferred or which might have been levied upon and sold under judicial process, § 70a; and that the bankrupt shall be given a discharge releasing him from debts owing " at the time of the filing of the petition," §§ 17 and 63.

These and other provisions of the bankruptcy law show that the point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed. This has been recognized in our decisions. Thus we have said that the law discloses a purpose " to fix the line of cleavage " with special regard to the conditions existing when the petition is filed, *Everett* v. *Judson,* 228 U. S. 474, 479, and that—" It is then that the bankruptcy proceeding is initiated, that the hands of the bankrupt and of his creditors are stayed and that his estate passes actually or potentially into the control of the bankruptcy court." *Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268, 275; *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U. S. 300, 307. When the law speaks of property which is exempt and of rights to exemptions it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed. The provisions before cited show—some expressly and others impliedly—that one common point of time is intended and that it is the date of the filing of the petition. The bankrupt's right to control and dispose of the estate terminates as of that time, save only as to " property which is exempt," § 70a. The exception, as its words and the context show, is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption—one which withdraws the property from levy and sale under judicial process.

The land in question here was not in that situation when the petition was filed. It was not then exempt under the state law, but was subject to levy and sale. One of the conditions on which it might have been rendered exempt had not been performed. Under the state law the fact that the other conditions were present did not suffice. The concurring presence of all was necessary to create a homestead exemption.

*Decree reversed.*