## MYERS, TRUSTEE, *v.* MATLEY.

No. 540. Argued March 5, 1943.—Decided April 5, 1943.

---

[22] 11 U. S. C. § 11.

*Mr. T. L. Withers,* with whom *Mr. Harlan L. Heward* was on the brief, for petitioner.

*Mr. William M. Kearney* submitted for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioner's assertion that the court below misapplied § 70 (a) of the Bankruptcy Act, as amended,[1] in contravention of a decision of this court,[2] and contrary to the law of the State of Nevada, as well as a division of opinion of the judges in the court below, moved us to grant certiorari.

October 24, 1940, a petition in bankruptcy was filed against Marshall R. Matley, the respondent's husband. He appeared and consented to an adjudication, which was entered the same day. November 20, 1940, the respondent filed with the Recorder of Washoe County, Nevada, her declaration claiming as a homestead a tract of land in Reno, Nevada, listed in her husband's bankruptcy schedules. November 27, 1940, she filed in the

---

[1] Act of July 1, 1898, c. 541, § 70, 30 Stat. 565; Act of June 22, 1938, c. 575, § 1, 52 Stat. 879; 11 U. S. C. § 110.

[2] *White* v. *Stump,* 266 U. S. 310.

bankruptcy court a petition claiming the land as exempt. The referee denied her claim, the District Court reversed the referee, and the Circuit Court of Appeals affirmed its decision.[3] The real estate in question, acquired by the respondent and her husband while married, was community property, on which a residence was built and occupied by the couple as a home. While they were absent from it at times, they always considered it their home and intended to return to it. Although they were separated in 1940, the respondent was residing on the land when the petition in bankruptcy was filed. A divorce action was pending but was not concluded until May 1941, when the respondent was granted a divorce and the Reno residence was awarded her as her sole property.

The petitioner asserts that the property cannot be set apart to the respondent as exempt, since her homestead declaration was not filed, as required by state law, until after entry of the petition in bankruptcy.

Section 70 (a) originally provided that the trustee shall be vested, by operation of law, with the title of the bankrupt as of the date he was adjudged a bankrupt, "except in so far as it is to property which is exempt, . . ." The phraseology was altered by the amendment of 1938 to except "property which is held to be exempt, . . ." Section 6 of the Bankruptcy Act [4] declares that the provisions of the Act shall not affect the allowance to bankrupts of the exemptions "which are prescribed by the State laws in force at the time of the filing of the petition" in the state where the bankrupt has had his domicile. The trustee, as to all property in possession and under the control of the bankrupt at the date of bankruptcy, is deemed vested, as of that date, with all the rights and remedies of a creditor then holding a lien on the prop-

---

[3] 130 F. 2d 775.
[4] 30 Stat. 548, 11 U. S. C. § 24.

erty by legal or equitable proceedings, whether or not such a creditor actually exists.[5]   An adjudication in bankruptcy is not the equivalent of a judicial sale, nor is the trustee given the rights of a purchaser at such a sale.

The question thus arises whether the respondent's right of homestead under Nevada law, secured by her filed declaration, prevails against the right and title of the trustee. The court below so held and we think its judgment was right.

1. We conclude that the new phraseology in the amendment of § 70 (a) does not alter the principles applicable to the exemption of homestead property in bankruptcy. On the face of the legislation, the intent of Congress was merely to clarify the meaning of the section.   We are referred to no legislative history indicating that the alteration was intended to work a change of substance.   Under the amendment, as under the original provision, a homestead is exempt if, under the state law, it would be held to be exempt.

2. *White* v. *Stump, supra,* involved a homestead exemption claimed pursuant to the law of Idaho, under which the declaration of homestead was required to be executed and acknowledged, like a conveyance of real property, and filed for record.   The exemption arose when the declaration was filed and not before.   Up to that time, the land remained subject to execution and attachment like any other land; and where a levy was effected while the land was in that condition, the subsequent making and filing of a declaration neither avoided the levy nor prevented a sale under it.[6]   It appeared that no declaration was made and filed of record until a month after Stump's petition and adjudication in bankruptcy.   The declaration was then made and filed by his wife for his and her

---

[5] § 70 (c); 52 Stat. 881; 11 U. S. C. § 110c.

[6] *White* v. *Stump, supra,* p. 311.

joint benefit. This court held that the Bankruptcy Act fixed the point of time which is to separate the old situation from the new in the bankrupt's affairs as the date when the petition is filed; that when the Act speaks of property which is exempt, and rights to exemption, it refers to that point of time—namely, the point as of which the general estate passes out of the bankrupt's control and with respect to which the status and rights of the bankrupt, the creditors, and the trustee in other particulars are fixed. The court said: "The exception, as its words and the context show, is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption—one which withdraws the property from levy and sale under judicial process." [7] Accordingly it was held that, as the claim of exemption was not perfected until after the petition was filed, it was ineffective as against the trustee, as it would have been against a creditor then having a levy on the property. If the law of Nevada respecting homestead exemptions were like that of Idaho, or operated in the same way, *White* v. *Stump* would be in point.

3. The Nevada Constitution, Art. 4, § 30, reads in part:

"A homestead, as provided by law, shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; . . . and laws shall be enacted providing for the recording of such homestead within the county in which the same shall be situated."

Section 3315 of the Compiled Laws of Nevada defines property which may be claimed as exempt as a homestead and permits selection by either the husband, the wife, or both, by a declaration of intention in writing to claim the same. After providing what the declaration shall con-

---

[7] *White* v. *Stump, supra,* p. 313.

tain and that it shall be signed, acknowledged, and recorded as conveyances of real estate are required to be acknowledged and recorded, the statute continues: ". . . from and after the filing for record of said declaration, the husband and wife shall be deemed to hold said homestead as joint tenants."

Section 8844 provides that "the following property is exempt from execution, . . . the homestead as provided for by law."

Historically, and under the theory of the present Act, bankruptcy has the force and effect of the levy of an execution for the benefit of creditors to insure an equitable distribution amongst them of the bankrupt's assets.[8] The trustee is vested not only with the title of the bankrupt but clothed with the right of an execution creditor with a levy on the property which passes into the trustee's custody.

Our question then is whether, under the constitution and statutes of Nevada, a declaration of homestead would be effective as against a creditor to prevent a judicial sale of the property if made and recorded after levy but before sale thereunder. If it would, it must be equally effective as against the trustee, whose rights rise no higher than those of the supposed creditor and attach at the date of the inception of bankruptcy.

Examination of the Nevada cases relied on by the court below satisfies us that the settled law of the State entitles the debtor to his homestead exemption if the selection and recording occurs at any time before actual sale under execution.[9] And indeed the petitioner so concedes in his brief, stating that he "admits that under the laws of Nevada as interpreted by the Nevada Supreme Court, a

---

[8] Remington, Bankruptcy, 4th Ed., pp. 4–6; *In re Youngstrom*, 153 F. 98, 103–4, and cases cited.

[9] *Hawthorne v. Smith*, 3 Nev. 182; *McGill v. Lewis*, 116 P. 2d 581.

declaration of homestead filed at any time prior to actual execution sale is sufficient to establish the homestead right."

In conformity to the principle announced in *White* v. *Stump*, that the bankrupt's right to a homestead exemption becomes fixed at the date of the filing of the petition in bankruptcy and cannot thereafter be enlarged or altered by anything the bankrupt may do, it remains true that, under the law of Nevada, the right to make and record the necessary declaration of homestead existed in the bankrupt at the date of filing the petition, as it would have existed in case a levy had been made upon the property. The assertion of that right before actual sale in accordance with state law did not change the relative status of the claimant and the trustee subsequent to the filing of the petition. The federal courts have generally so held and have distinguished *White* v. *Stump* where the state law was similar, in terms or in effect, to that of Nevada.[10]

The judgment is

*Affirmed.*

---

[10] *In re Trammell*, 5 F. 2d 326; *Clark* v. *Nirenbaum*, 8 F. 2d 451; *McCrae* v. *Felder*, 12 F. 2d 554. Contra: *Georgouses* v. *Gillen*, 24 F. 2d 292.