In re DAVIES.

No. 1349.

United States District Court
W. D. Virginia, at Abingdon.

July 19, 1949.

Carl W. Hamilton, of Wise, Va., for the trustee in bankruptcy.

H. M. Long, Saint Paul, Va., for the bankrupt.

PAUL, Chief Judge.

The contention of the trustee that the claim of the homestead exemption should not be allowed seems to be based (1) on previous decisions in this court in the cases of In re Robinette, D.C., 34 F.Supp. 518, and In re Cury, D.C., 34 F.Supp. 526, and (2) that in any event the homestead had not been perfected by recordation within the extended time which the referee had granted for the filing of the schedules.

It is true that in the cases mentioned (the first decided in 1932, the second in 1940) this court held that in order for a claim of the homestead exemption to be effective the homestead deed must have been recorded prior to the date of the filing of the petition in bankruptcy, whether a voluntary or involuntary petition. As will appear from the opinion in the Robinette case, this holding rested primarily on the authority of White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301, which this court interpreted as requiring such a conclusion. It may be that I misinterpreted the meaning of White v. Stump, but if so I was not alone in this error. See Georgouses v. Gillen 9 Cir., 24 F.2d 292, 293. However this may be, a more recent decision of the Supreme Court, in Myers v. Matley, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043, decided April 5, 1943, reviews at some length the decision in White v. Stump and requires a conclusion differing from that in the Robinette and Cury cases.

In Myers v. Matley, which arose in Nevada, the bankrupt was adjudicated on October 24, 1940, upon an involuntary petition. The Nevada law required that the declaration of intention to claim the homestead exemption should be in writing and, to be effective, should be signed, acknowledged and recorded in the appropriate office of the state court. The holding of the Nevada courts was that the claim was good if the recordation occurred at any time prior to actual sale of the property under execution. In other words, that although a levy might have been made, the claim of homestead was effective if recorded at any time before actual sale of the property. In Myers v. Matley the recordation of the homestead did not take place until approximately a month after the adjudication, but was held good.

Without attempting to review at length the reasoning of the court in Myers v. Matley it may be said that it is difficult to determine whether its differentiation from White v. Stump rests primarily on an amendment to Sec. 70, sub. a of the Bankrupt Act, made in 1938, 11 U.S.C.A. § 107, sub. a after the decision in White v. Stump; or upon a difference between the Nevada statute and the Idaho statute relating to homesteads, under the latter of which White v. Stump had been decided. Apparently it was the latter consideration which caused the court to distinguish between the holdings in the two cases. In doing so the court now assigns reasons for the conclusions in White v. Stump which that case itself failed to assign with any degree of clarity. A reading of White v. Stump discloses that little was said of the terms of the state statute involved and that all of the emphasis is

laid on the principle that the date of the filing of the petition in bankruptcy marks the time when the property of a bankrupt passes into the control of the court and from which both creditors and bankrupt are stayed from any further dealing with it. The effect of this, so the opinion indicates, is that the property having passed under control of the court as of the date of the filing of the petition, the bankrupt could not thereafter execute and record a claim of homestead exemption in any part of it. It was the emphasis placed on this phase of the case which led this court, and others, to give to White v. Stump a construction which Myers v. Matley now says is erroneous.

In any event a reading of the opinion in Myers v. Matley shows that its conclusion is reached on substantially the following reasoning. The court first calls attention to the provisions of Sec. 70, sub. c of the Bankruptcy Act which provides that the trustee in bankruptcy, as to all property in possession of the bankrupt at the date of bankruptcy, shall be vested as of the date of bankruptcy with the rights of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such creditor actually exists. In other words, and briefly stated, the right of the trustee as to the bankrupt's property is the same as that of a creditor having a lien thereon at the time of bankruptcy.

The court then points out that under Sec. 6 of the Act, 11 U.S.C.A. § 24, the exemptions allowed a bankrupt are those prescribed by the State laws in force at the time of filing the petition. Or as stated in the opinion, 318 U.S. at page 625, 63 S.Ct. at page 782, 87 L.Ed. 1043, "a homestead is exempt if, under the state law, it would be held to be exempt". It then concluded that under the Nevada law (where the case arose) that the debtor was entitled to the homestead exemption if the selection and recording of it occurs at any time before actual sale under execution, 318 U.S. at page 627, 63 S.Ct. at page 783, 87 L.Ed. 1043. This led to its conclusion that in that case, Myers v. Matley, the claim of exemption was good

although not perfected until approximately a month after the adjudication.

It will be seen, therefore, that the instant case must be determined by the provisions of the Virginia statute relating to the claim of the homestead. That statute, Va.Code, Sec. 6532 and 6540, provides that the property in which exemption is claimed shall be set aside in a writing duly executed and recorded in the same manner as deeds are recorded. The statute further provides generally, Va.Code, Sec. 6543, that the exemption may be set aside at any time before the property is subjected to sale; this being subject to a proviso relating to bankruptcy of the debtor, which will hereafter be mentioned.

It would seem, therefore, that the terms of the Virginia statute are to the same effect as the state law of Nevada which was construed in Myers v. Matley (except as to the proviso relating to bankruptcy); and that the instant case comes clearly within the holding in Myers v. Matley, except in so far as it may be effected by the proviso in the Virginia statute. That proviso, adopted as an amendment of the statute in 1944, Acts 1944, c. 334, is to the effect that in case of voluntary bankruptcy the claim of exemption must be perfected before or on the same day the petition in bankruptcy is filed; or, in case of an involuntary petition, must be set apart within the time in which the bankrupt is required to file his schedules, following adjudication.

It is noticeable that both the attorney for the trustee and the attorney for the bankrupt urge that the provision of the Virginia statute attempting to fix the time for claiming the exemption in case of bankruptcy is invalid and of no effect, as being contrary to the Bankruptcy Act and as an attempt to regulate procedure under a federal statute. If counsel are correct in this contention, then this case rests solely on the statute, Sec. 6543, as it exists without the 1944 amendment; with the result that the exemption could be claimed at any time prior to a sale of the property. Myers v. Matley would be precisely applicable. It may be said in passing that

the referee was apparently of opinion that the 1944 amendment to Sec. 6543 is valid and relied on it for his holding that the claim of exemption was good.

However under the facts presented in this case it does not appear to the court that its determination requires decision of the validity or effect of the questioned provisions of the state statute. This may be well left until such time and such case as brings it to issue and where its consideration is necessary. In the instant case the facts, as I take them from the opinion filed by the referee and of which I find no contradiction, are briefly as follows. The petition was filed against the bankrupt on January 7th, 1949, and on January 20th he was adjudicated and the matter referred to the referee. On January 21st the referee entered his order directing the bankrupt to file his schedules within five days thereafter, in accordance with Sec. 7, sub. a(8) of the Bankruptcy Act, 11 U.S.C.A. § 25, sub. a(8). A copy of this order was mailed to the bankrupt which, according to his statement (not contradicted) he did not receive until January 25th. Apparently the bankrupt immediately consulted counsel, for on January 26th or 27th the attorney retained by him telephoned the referee stating that it was impossible to prepare and file the schedules within the time limited in the order and asking for an extension of time. There is no question of the right of the referee to grant an extension. See Bankruptcy Act, Sec. 7, sub. a(8). It is true that the act provides that the extension may be granted if, in filing his application for it, the bankrupt files a list of his creditors and their addresses. But I take this to be directory only and do not construe the act to mean that no extension can under any circumstances be granted unless the application for it is accompanied by a list of the creditors. Circumstances might well be such that the time necessary to get together a complete list of creditors and their addresses was the very reason for asking the extension. That would seem to have been the case here where the order requiring the filing of the schedules was not received by the bankrupt until the day before they were required to be filed. Under these circumstances I think the referee acted rightly in granting the extension, even though the request for it was not accompanied by the list of creditors.

However it may be said that it would have been better had the referee required that the application for an extension be made in writing stating the reasons therefor and had entered an order extending the time to a definite date; rather than to grant an indefinite extension evidenced only by a telephone conversation.

The schedules were filed on February 10th, about fifteen days after the extension was granted. An examination of them shows a long list of creditors, of various classes and with varied addresses, and the bankrupt's assets were such as to require considerable description in detail. It does not seem that fifteen days was an unreasonable length of time to prepare schedules of such complexity. Included in the schedules was the bankrupt's claim of the homestead exemption, listing the property in which it was claimed. It further appears that the bankrupt had executed the formal homestead deed on February 9th, the day before filing his schedules, but that it was not recorded until February 11th, the day after the schedules were filed.

It is apparent that if the 1944 amendment to the Virginia statute does not control, then the situation here is governed by Myers v. Matley, heretofore referred to and the claim of homestead is good and, as I interpret that case, would have been good at any time until the property was sold. But even if we assume that Sec. 6543 of the Virginia Code as amended is to be considered, then we have a situation where the homestead deed was properly executed before the schedules were filed and claim of the exemption was made in the schedules, and the only reason for denying it would be because the homestead was not recorded until one day after the schedules were filed. To deny the claimed exemption on this ground alone would be to dignify technicality beyond reason. The execution of the homestead instrument,

the claim of the exemption in the schedules, and the recordation of the homestead were closely associated both in purpose and in time. They were acts so closely successive as to be practically simultaneous and all were accomplished long before the first meeting of creditors and at a time when no rights of creditors were adversely affected thereby. Even if the amendment to Sec. 6543 were applied, I am of opinion that under the particular state of facts here existing (and limiting the holding to this particular case) that it was within the equitable discretion of the referee to allow the exemption and his ruling will be affirmed.