In re CURMAR MFG. CO. et al.

No. 45720.

United States District Court
S. D. California, Central Division.

June 30, 1950.

Grainger, Carver & Grainger, by Kyle Z. Grainger, Los Angeles, Cal., for bankrupt.

Craig, Weller & Laugharn, by Hubert F. Laugharn, Los Angeles, Cal., for trustee.

HALL, District Judge.

The adjudication of the bankrupts, husband and wife, occurred on February 21, 1948, on a voluntary petition filed the same day, which listed the property upon which they resided and claimed it as exempt as a homestead. At that time no declaration of homestead had been made or recorded by either bankrupt in accordance with sections 1262-63-64 of the Civil Code of California. This was done on February 24, 1948, three days after the adjudication. After hearing, the Referee refused to allow the homestead exemption.

In this review of that order there is no charge of fraud or lack of domicile; nor is there any dispute that there was compliance with the above mentioned California Code sections relating to homesteads, insofar as residence, acknowledgment, recordation and the like are concerned. While several points are made by the bankrupts on the petition for review, the actual dispute is whether or not the claim of exemption of property as a homestead is valid when the declaration of homestead was made and filed for record in compliance with the California laws three days *after* the petition and adjudication in bankruptcy.

The pertinent provisions of the Bankruptcy Act are sections 6, 70, sub. a, and 70, sub. c, 11 U.S.C.A. §§ 24, 110, subs. a, c, and in the applicable portions read as follows:

"Sec. 6. * * * This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by * * * the State laws in force at the time of the filing of the petition in the State * * *."

"Sec. 70, sub. a. * * * The trustee of the estate of a bankrupt * * * upon his

\* \* \* appointment \* \* \* shall. \* \* \* be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition \* \* \* except insofar as it is to property which is held to be exempt, \* \* \*."

"Sec. 70, sub. c. \* \* \* The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy \* \* \* shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; and, as to all other property, the trustee shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a judgment creditor then holding an execution duly returned unsatisfied, whether or not such a creditor actually exists."[1]

The Referee based his decision upon White v. Stump, 1924, 266 U.S. 310, 45 S. Ct. 103, 69 L.Ed. 301. For reasons which will shortly appear, I do not think that decision applicable or controlling here.

In Myers v. Matley, 1943, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043, 145 A.L.R. 498, the same position was taken by the Trustee as here. But the Supreme Court sustained the proposition, affirmed in White v. Stump, supra, that the laws of the State of domicile of the bankrupt controlled homestead exemptions to be allowed a bankrupt. And it pointed out that the laws of Idaho relating to homesteads, which were under consideration in White v. Stump, *did not* permit a declaration of homestead *after* levy of execution; whereas the Nevada laws under consideration in Myers v. Matley, did permit the declaration of a homestead *after levy* of execution and at any time *before actual sale* under execution. It accordingly affirmed the exemption of the homestead to the bankrupt.

The question turns then upon whether or not, under the laws of California, the declaration and recordation of a homestead is valid as against the Trustee in bankruptcy, who stands in the shoes of a creditor holding a lien by legal or equitable proceedings.

Under California law a judgment lien does not automatically attach, either upon the rendition or entry of a judgment, but it is necessary that an abstract of judgment be recorded before any lien attaches. California Code of Civil Procedure, section 674.

It is the settled law of California that the lien of an execution is not sufficient to defeat a declaration of homestead made after the levy of execution and before the sale. Beaton v. Reid, 1896, 111 Cal. 484, 44 P. 167; Yager v. Yager, 1936, 7 Cal.2d 213, 60 P.2d 422, 106 A.L.R. 664. The instant case is thus distinguished from White v. Stump, and is governed by Myers v. Matley, unless the recordation of an abstract of judgment can be said to be a part of the legal or equitable proceeding in which the judgment might have been obtained. I conclude that it is not. Such a recordation is a voluntary act on the part of a person making such recordation. It is no more a legal or equitable proceeding than the recordation of a mortgage, or, for that matter, the recordation of a declaration of homestead, or of a deed. In Coley v. Hecker, 1928, 206 Cal. 22, 272 P. 1045, the court had under consideration a suit for slander of title, where pending appeal and stay of execution, an abstract of judgment had been recorded. On motion for change of venue from the county in which the property was situated to the county of the residence of the defendant, it was urged that the action was one for malicious abuse of process and therefore a personal one and was required to be transferred to the county of personal residence of the defendants. But the court held that the recordation of the abstract was not a part of the process of the court in which the judgment was obtained. It necessarily follows from that conclusion that under the law of California such recordation of an abstract of judgment is no part of a legal or equitable proceeding.

---

1. This section was amended by the Act of March 18, 1950, but as amended does not alter the conclusions herein reached.

The conclusions expressed find accord in the decisions of the United States Court of Appeals of this Circuit. In re Wilson, 9 Cir., 1903, 123 F. 20; Brandt v. Mayhew, 9 Cir., 1914, 218 F. 422, each of which dealt with the California homestead exemptions as against a trustee in bankruptcy. See also In re Dudley, D.C.S.D.Cal.1947, 72 F. Supp. 943, affirmed 9 Cir., 166 F.2d 1023.[2] The decision of the Ninth Circuit in Georgouses v. Gillen, 9 Cir., 1928, 24 F.2d 292, certiorari denied 277 U.S. 600, 48 S.Ct. 562, 72 L.Ed. 1009, is not in point as it dealt with the law of Arizona. Moreover, that case did not comment upon, much less overrule In re Wilson, supra, or Brandt v. Mayhew, supra.

It may be urged that the trustee would take such title as a judgment creditor might have if an abstract of judgment had been recorded *before* levy of execution. But that argument must fail for several reasons. Such levy of execution would be a lesser lien than the judgment lien obtained by the recordation of the abstract of judgment, Yager v. Yager, supra, and the creditor would be in no better position of priority by virtue of the levy of execution as against a declaration of homestead made after the recordation of the abstract than before. The levy of execution would not obtain a lien by legal or equitable proceedings, but such a lien would have been obtained by recordation of the abstract of judgment. Congress, if it so intended could have said that the trustee would be in the position of a creditor *holding a lien* whether or not such a creditor actually exists, which would reach every possible lien, judgment or otherwise, but Congress did not do so. It limited the *kind* of a lien, to be one only obtained "by legal or equitable proceedings", which is a decided limitation on the kinds of liens, as is readily apparent without illustration.

There is serious doubt as to whether or not section 70, sub. c is applicable at all to exemptions in view of the language of section 6 which is very broad. "This Act" shall not apply to exemptions allowed by State law are the all inclusive words. Brandt v. Mayhew, supra, 218 F. at page 426, and the cases there cited. See also In re Dudley, supra. But I have considered the matter as if section 70, sub. c were applicable and hence do not reach that question. If that is so, however, it is at once apparent that there is much stronger reason for allowing the homestead.

I conclude that the declaration and recordation of the homestead by the bankrupts was valid as against the trustee in bankruptcy, and the judgment and order of the Referee should be and is hereby reversed.

---

2. See also cases in other Circuits cited in footnote 10, White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301; Myers v. Matley, 318 U.S. 622, 628, 63 S.Ct. 780, 87 L.Ed. 1043, 145 A.L.R. 498.