**SAMPSELL v. STRAUB et ux.**

No. 12676.

United States Court of Appeals
Ninth Circuit.

May 22, 1951.

Craig, Weller & Laugharn, Los Angeles, Cal. (Thomas S. Tobin, Los Angeles, Cal., of counsel), for appellant.

Grainger, Carver & Grainger, Los Angeles, Cal., for appellee.

Before ORR, POPE and HASTIE,* Circuit Judges.

HASTIE, Circuit Judge.

In the voluntary bankruptcy proceeding of a husband and wife and on their petition, the district court ordered that the California residence of the bankrupts be set aside from the bankrupt estate as homestead and exempt property. The trustee in bankruptcy has appealed from that order because the declaration of homestead, although duly executed and acknowledged by the spouses before they filed their petition in bankruptcy, was not recorded as required to become effective under California law [1] until after bankruptcy adjudication.

Disposition of the issue thus raised must be made in light of the decision of the Supreme Court in Myers v. Matley, 1943, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043, sustaining the action of this court [2] in approving a Nevada homestead exemption where, as in the present case, the exemption had not been perfected by recording until after the adjudication of bankruptcy. The trustee has attempted to distinguish that case on two grounds.

First, it is contended that the Myers decision is not controlling here because there only the husband was bankrupt and the homestead exemption on property listed in his bankrupt schedule was claimed by his nonbankrupt wife. However, we are satisfied that the decision did not turn upon that distinction. That case, like this one, involved the application of the provision of Section 6 of the Bankruptcy Act as amended,[3] preserving to a bankrupt "the exemptions which are prescribed * * * by the State laws in force at the time of the filing of the petition in the State * *" and the provision of Section 70, sub. a [4] that the trustee shall "be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition * * except insofar as it is to property which is held to be exempt * * *." Construing those sections and restating the general doctrine of White v. Stump, 1924, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301, the Court said "that the bankrupt's right to a homestead exemption becomes fixed at the date of the filing of the petition in bankruptcy and cannot thereafter be enlarged or altered by anything the bankrupt may do * * *". 318 U.S. at page 628, 63 S.Ct. at page 784. But it ruled that consistent with that doctrine the translation of the bankrupt's general right to a homestead exemption into a particular homestead exemption may occur, the state law permitting, after the institution of the bankruptcy proceeding. In the circumstances of the Myers case the Court pointed out that "under the law of Nevada, the right to make and record the necessary declaration of homestead existed in the bankrupt at the date of filing the petition as it would have existed in case a levy had been made upon the property. The assertion of that right before actual sale in accordance with State law did not change the relative status of the claimant and the trustee subsequent to the filing of the petition". 318 U.S. at page 628, 63 S.Ct. at page 784. This was the decisive ruling in the Myers case. At the date of adjudication and thereafter, the trustee remained subject to the persisting right which the Nevada law gave the bankrupt, as against the creditor categories under which the trustee's rights were subsumed, to assert and perfect a homestead exemption. No point was made of the fact that the nonbankrupt wife was the moving party. There is no indication that the

---

\* Third Circuit, sitting by special designation.

1. Cal.Civ.Code, § 1262.

2. 1942, 130 F.2d 775.

3. 30 Stat. 548 (1898), as amended 52 Stat. 847 (1938), 11 U.S.C.A. § 24.

4. 52 Stat. 879 (1938), 11 U.S.C.A. § 110, sub. a. On the relation of the two sections see 4 Collier on Bankruptcy (14th ed. 1942). ¶ 70.48.

court considered this a matter of importance. Thus the distinction urged by the trustee does not warrant a difference in result.

In his second and more substantial contention, the trustee relies upon a difference between the homestead laws of Nevada and those of California. He points out that the present Section 70, sub. c of the Bankruptcy Act as amended, formerly Section 47, sub. (2), gives the trustee, with reference to all of the property of the bankrupt in his possession at the time of bankruptcy, "all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists." Under the Nevada homestead law in the Myers case, it was clear that no such creditor as the statute described could prevail over a homestead exemption recorded after his lien had attached, so long as the property had not actually been sold. Here it is argued that under the California law there is a type of creditor "holding a lien thereon by legal or equitable proceedings", namely, a judgment creditor who has recorded the abstract of his judgment, whose lien would prevail over subsequent recordation of a homestead claim.

It is not disputed that under California law such recording of a judgment creates a lien which prevails over subsequent homestead recordation. The decisive issue thus becomes the meaning of the words "holding a lien thereon by legal or equitable proceedings".

■ If "by legal or equitable proceedings" means by judicial proceedings, we think the language does not cover such a lien as the trustee seeks to assert. A California judgment does not of its own force become effective as a lien on California land. The pertinent judicial processes, the rendition and entry of judgment, make the prevailing party merely a general creditor. Only by recording his judgment in the manner provided by Section 674 of the California Code of Civil Procedure 1947 does the judgment creditor acquire a lien. The act of recordation is wholly independent of the proceedings leading up to the judgment. The judgment creditor does not need to record the judgment to protect his standing against the debtor, or to effect the collection of the judgment. It is wholly within the option of the judgment creditor whether he will take advantage of the statute enabling him to acquire standing against strangers to the judgment by recordation. Thus, the act of recordation is not itself a judicial act, nor so incidental to judicial action as to make a lien obtained in this manner "a lien by judicial proceedings" within the meaning of Section 70, sub. c. Cf. Coley v. Hecker, 1928, 206 Cal. 22, 268 P. 626, 272 P. 1045; Gudger v. Manton, 1943, 21 Cal.2d 537, 545, 134 P.2d 217, 222. The cited cases explicitly distinguish recordation of an abstract of judgment from judicial proceedings under California law. Therefore, they are helpful, although they are concerned with other problems than that before us.

On the other hand, it is argued that Section 70, sub. c comprehends broadly any statutory or common law method permitted by state law for making a lien effective, whether by judicial proceedings or otherwise. Substance is said to be given to this contention by the legislative history of this Section and its revelation that the purpose of Congress was to enable the trustee to exercise the rights of an "ideal" creditor under state law. 45 Cong.Rec. 2277 (1910), quoted in 4 Collier on Bankruptcy, supra. ¶70.47 n. 6.

But this argument gives insufficient regard to the words of the statute. We think Congress specified something different from any valid lien when it specified a lien "by legal or equitable proceedings". It seems reasonable to construe the words last quoted as words of significant limitation rather than as surplusage.

■ In natural connotation the words "by legal or equitable proceedings" suggest a lien which attaches by force of judicial process. Moreover, it is in terms and conception consistent with this construction that the rights of trustees under this pro-

vision have been adjudicated in all of the cases which have come to our attention.[5]

No alternative construction has been suggested which would give meaning to the phrase in question. We think it connotes judicial proceedings and should not be expanded as urged by the trustee here.

The district court properly applied the rule of Myers v. Matley to the circumstances of this case. Accordingly, the judgment is affirmed.

---

5. E.G. In re Seward Dredging Co., 2 Cir., 1917, 242 F. 225 (rights as of attachment); Commercial Credit Co. v. Davidson, 5 Cir., 1940, 112 F.2d 54 (rights as upon entry of judgment); In re Cobb, D. C.E.D.Mich.1936, 14 F.Supp. 465 (rights as on levy of execution).

