**GRENZ SUPER VALU, Appellant,**

v.

**Edward John FIX, Appellee.**

**No. 77–1665.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 28, 1977.

Decided Dec. 1, 1977.

Richard E. Herr, Wishek, N. D., filed brief for appellant.

No brief or appearance, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal by a creditor from an order of the United States District Court for the District of North Dakota sitting in bankruptcy. The order allowed to the bankrupt, Edward John Fix, the $1500.00 personal property "head of a family" exemption permitted by 5A N.D.Cent.Code, § 28–22–03 (1974 Replacement). Both the bankruptcy judge and the district judge allowed the claim over the objection of a creditor, Grenz Super Valu, and the creditor appeals.

There is no dispute about the facts. Edward John Fix and Linda L. Fix were married on June 7, 1975 when they were both residents of North Dakota. Thus, Edward John Fix became the "head of a family," as that term is defined in 5A N.D.Cent.Code, § 47–18–02 (1960). The actual family relationship between Mr. and Mrs. Fix did not last very long. By October, 1976 she had apparently commenced an affair with one Wheeler. She and her husband separated, and she moved to California where presumably she still is. Mrs. Fix sued Fix for a divorce, and he sued Wheeler for alienation of affections. Both suits were still pending during the time with which we are concerned.

1. Section 47–18–02, insofar as here relevant, provides:

The phrase 'head of a family' as used in this chapter shall mean:
1. The husband or wife when the claimant is a married person, but in no case are both husband and wife entitled to a homestead
* * *.

Appellant seems to concede that under the literal wording of § 47–18–02(1)[1] appellee is entitled to the exemption claimed by him because the marriage had not been dissolved when the petition in bankruptcy was filed. Appellant argues, however, that the statutory definition of "head of a family" should not be applied in present context in view of the physical separation of the parties to the marriage and the pendency of a divorce proceeding between them. The controversy must be resolved by reference to North Dakota law. 11 U.S.C. § 24; *Myers v. Matley*, 318 U.S. 622, 625, 63 S.Ct. 780, 87 L.Ed. 1043 (1943)

We have given careful consideration to the cases cited to us by counsel for the appellant and we find that in one way or another they are distinguishable from this case and do not give us a really dispositive answer to the question with which we are confronted.

It is clear from the findings and conclusions of both the bankruptcy judge and the district judge that they considered that § 47–18–02(1) should be construed and applied as written. We agree. Additionally, the views of those judges as to a question of purely local law are entitled to substantial weight. *Smith v. Nick's Catering Service*, 549 F.2d 1194, 1196 (8th Cir. 1977); *Hysell v. Iowa Public Service Co.*, 534 F.2d 775, 780 (8th Cir. 1976); *Stafos v. Jarvis*, 477 F.2d 369, 372–73 (10th Cir.), *cert. denied*, 414 U.S. 944, 94 S.Ct. 230, 38 L.Ed.2d 168 (1973).

If the district court's interpretation of the statute, which we approve, appears unjust to creditors in the circumstances that have been described, their remedy is in the North Dakota legislature, not in the federal bankruptcy court.

The order of the district court is affirmed.

While § 47–18–02 is one of the statutes relating to homestead exemptions in North Dakota, it is clear that the section is applicable to a claim for an exemption of personal property under § 28–22–03; see in that connection § 28–22–01.