158 N.J. Super. 257 (1978)
385 A.2d 1252
EDWARD THOMAS AND CAROL THOMAS, PLAINTIFFS-RESPONDENTS,
v.
SUN REALTY, INC., DEFENDANT, AND STEPHEN BROWER AND CHRISTINE BROWER, HIS WIFE, DEFENDANTS AND THIRD PARTY PLAINTIFFS-RESPONDENTS,
v.
TITLE INSURANCE COMPANY OF MINNESOTA, THIRD PARTY DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1977.
Decided April 7, 1978.
*258 Before Judges FRITZ, BOTTER and ARD.
Mr. Edward C. Eastman argued the cause for appellant (Mr. Kenneth R. Smith, Jr., attorney).
Mr. Lawrence S. Grossman argued the cause for respondents Brower (Messrs Drazin and Warshaw, attorneys; Mr. Lawrence S. Grossman on the brief).
No appearance for respondents Thomas.
*259 The opinion of the court was delivered by BOTTER, J.A.D.
This appeal raises the question of the effect of bankruptcy proceedings upon the marketability of title derived from a predecessor in title, Anna M. Schucht, who apparently acquired an interest in the subject property between the time she filed a petition in bankruptcy and the date of discharge from bankruptcy.
Plaintiffs Mr. and Mrs. Thomas (the Thomases), brought this action to recover a deposit of $3,300 held in escrow by Sun Realty, Inc. pursuant to an August 20, 1975 contract for the sale of premises owned by defendants Mr. and Mrs. Brower (the Browers). The complaint alleged that the sellers, the Browers, could not convey marketable title because of the cloud on title due to the bankruptcy of Mrs. Schucht. The buyers were willing to postpone the closing from November 15, 1975 to January 15, 1976, when their mortgage commitment would expire, to give the sellers the opportunity to clear the alleged cloud and the title. Before the new closing date, however, the sellers moved back into their house and requested a further postponement of the closing until the Spring of 1976. The Thomases would not agree to this and demanded the return of their deposit.
When plaintiffs sued defendants for the deposit the Browers, in turn, filed a third-party complaint against appellant Minnesota Title, the title company which had insured the Browers' title against unmarketability. Motions for summary judgment were granted in favor of plaintiffs for the return of their deposit and in favor of third-party plaintiffs, the Browers, against Minnesota Title. Minnesota Title appealed and the Browers filed a cross-appeal to challenge the judgment in favor of the Thomases. However, the cross-appeal against the Thomases is deemed abandoned by virtue of the Browers' contention that their title was unmarketable, a contention that sustains plaintiff's claim. More significantly, the brief filed for the Browers does not advance any ground for reversing the judgment in favor of plaintiffs; *260 it seeks only an affirmance of the judgment against the title company.[1]
The entire controversy involves the significance of bankruptcy proceedings filed by Anna M. Schucht, who, with her husband Paul J. Schucht, conveyed the property to the Browers. The pertinent dates and transactions shown in the record before us are as follows:

8-13-63 Filing date of the petition in bankruptcy for Anna M. Schucht.
8-13-63 Anna M. Schucht adjudicated bankrupt.
10-3-63 Wilmat Corp. deed to Paul J. Schucht, recorded on 10-9-63. The
 deed incorrectly refers to Map No. 55 instead of No. 325.
10-3-63 Confirmatory deed from Wilmat Corp. to Paul J. and Anna
 M. Schucht to correct recital of map number, but not recorded
 until December 23, 1963.
11-4-63 Anna M. Schucht discharged in bankruptcy.
4-15-66 Paul J. Schucht deed to Paul J. Schucht and Anna M. Schucht.
7-24-73 Paul J. and Anna M. Schucht deed to the Browers.
8-20-75 Contract of sale, Browers to Thomases.

Appellant has argued this appeal in terms of the effect of the confirmatory deed of October 3, 1963. Appellant contends that that deed conveyed no title to Mrs. Schucht because the grantor could not effectively correct his earlier deed until it was rescinded or cancelled by mutual consent of the parties. The Browers contend that so much doubt surrounds their title that it must be unmarketable. However, on our motion (see R. 2:10-2) we have questioned the assumption that tile would be unmarketable if a conveyance was made to a bankrupt after the filing of a petition for bankruptcy but *261 before a discharge in bankruptcy. We have afforded the Browers and Minnesota Title an opportunity to file supplemental briefs on this issue.
It is settled law, subject to exceptions not applicable here,[2] that the trustee in bankruptcy has no claim on property acquired by the bankrupt after the filing of the petition. Everett v. Judson, 288 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927 (1913); see Myers v. Matley, 318 U.S. 622, 626, 63 S.Ct. 780, 783, 87 L.Ed. 1043, 1045 (1943); Clark v. Badgley, 108 N.J.L. 185, 187 (E. & A. 1931). The date of filing determines the rights of the trustee in bankruptcy to property possessed by the bankrupt. 11 U.S.C.A. § 110(a). Bankruptcy "has the force and effect of the levy of an execution for the benefit of creditors to insure an equitable distribution amongst them of the bankrupt's assets." Myers v. Matley, supra, 318 U.S. at 627, 63 S.Ct. at 783, 87 L.Ed. at 1045. The date of filing the petition is the point in time when "the general estate passes out of the bankrupt's control and with respect to which the status and rights of the bankrupt, the creditors, and the trustees in other particulars are fixed." Id., 318 U.S. at 626, 63 S.Ct. at 783, 87 L.Ed. at 1045.
*262 Before 1938, § 70(a) of the Bankruptcy Act vested the trustee with title to the bankrupt's property as of the date of adjudication of bankruptcy. 11 U.S.C.A. § 110(a). However, the United States Supreme Court in Everett v. Judson, supra, found in other provisions of the act an intention to use the date of filing the petition as the cleavage between the old and the new asset life of the bankrupt. See also, Segal v. Rochelle, 382 U.S. 375, 377, 380, 86 S.Ct. 511, 513, 515, 15 L.Ed.2d 428, 431, 432 (1966); Love v. Menick, 341 F.2d 680, 682 (9 Cir.1965). In Segal v. Rochelle, supra, the court refers to the date the petition is filed as the date when the bankrupt is allowed "to make an unencumbered fresh start."
The Chandler Act of 1938 amended § 70(a) to affirm this principle by expressly providing that the trustee in bankruptcy becomes vested by operation of law with title to all of the bankrupt's property and interests "as of the date of the filing of the petition initiating a [bankruptcy] proceeding * * *." 4A Collier, Bankruptcy, ¶ 70.09 at 103-106, and ¶ 70.03 at 33 (1976); see Myers v. Matley, supra. Thus, "property not then owned but subsequently acquired by the bankrupt does not vest in the trustee but becomes the bankrupt's, clear of all claims that are discharged by the bankruptcy proceedings." 4A Collier, op. cit., ¶ 70.09 at 103-105.
In the case at hand Anna M. Schucht acquired title to the subject property after the petition for bankruptcy was filed.[3] The judgment search in the record shows that the filing date and the date of adjudication were the same, indicating that a voluntary petition was filed. See 11 U.S.C.A. § 41(b). In any case, the Schucht title was unencumbered by Mrs. Schucht's bankruptcy proceedings. Since this proposition is clear as a matter of law, the Browers acquired a marketable title although none of the parties asserted this established principle of law in the trial court. *263 Title is not rendered unmarketable by an alleged defect which is not reasonably debatable or by the threat of litigation which has no rational justification. Gaub v. Nassau Homes, Inc., 53 N.J. Super. 209, 223 (App. Div. 1958); Javna v. D.J. Fredericks, Inc., 41 N.J. Super. 353, 357 (App. Div. 1956); United States v. Roebling, 244 F. Supp. 736, 740 (D.N.J. 1965). The title challenge "must have some substance"; it cannot be based on "remote, hypothetical or unfounded doubts * * *." Gaub v. Nassau Homes, Inc., supra, 53 N.J. Super. at 223.
The applicable law having been established beyond doubt, the bankruptcy proceedings created no reasonable or substantial basis for questioning the title conveyed by the Schuchts to the Browers. Accordingly, the judgment in favor of third-party plaintiffs, the Browers, against Minnesota Title is reversed and set aside.[4]
NOTES
[1] The Thomases may be entitled to the return of their deposit for reasons other than the asserted cloud on title. The brief submitted for the Browers does not seek alternative relief. We will not, on our own motion, raise the issue of the Browers' right to relief against the Thomases when the conduct of the Browers indicates their adoption of plaintiffs' position and other considerations may be implicated.
[2] Statutory exceptions provide that the trustee in bankruptcy is entitled to all property: (a) which the bankrupt acquires within six months after bankruptcy by bequest, devise or inheritance, 11 U.S.C.A. § 110(a), see Friedman v. McHugh, 168 F.2d 350 (1 Cir.1948); (b) in which the bankrupt has an estate or interest by the entirety which becomes transferable in whole or in part solely by the bankrupt, 11 U.S.C.A. § 110(a), and (3) consisting of interests in real estate which become assignable by the bankrupt, e.g., contingent remainders, executory devises, possibilities of reverter, etc. 11 U.S.C.A. § 110(a) (7). An exception is also recognized for post-petition property which are "proceeds" of property owned by the bankrupt at the time the petition was filed. See Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).
[3] No question has been raised as to this acquisition constituting a fraud upon her creditors. See 11 U.S.C.A. § 32(c) (4).
[4] In view of this determination, no party has an interest in the issue posed by Minnesota Title concerning the effect of the confirmatory deed, and we express no opinion as to the merits of that contention.