**In re Sandra Lee ZOHNER aka Sandi Zohner, Debtor.**

**Bankruptcy No. BK–S–93–21192–RCJ.**

United States Bankruptcy Court, D. Nevada.

July 1, 1993.

---

Christopher G. Gellner, Las Vegas, NV, for debtor.

Albert D. Massi, Las Vegas, NV, for movant.

### MEMORANDUM DECISION RE: HOMESTEAD EXEMPTION

ROBERT CLIVE JONES, Chief Judge.

### FACTS

The debtor, Sandra Lee Zohner, filed a petition under Chapter 7 of the Bankruptcy Code on March 26, 1993. On that date she resided in a home at 7311 Mission Hills Drive in Las Vegas, Nevada ("Residence"). Zohner had lived at the Residence for about five years.

On April 1, 1993, Zohner executed a declaration of homestead on the Residence. The declaration stated that Zohner lived at the Residence, that she claimed the Residence as her homestead, and that she intended to use the Residence as her homestead. The declaration thus complied with N.R.S. § 115.020.[1] On April 2, 1993, Zohner vacated the Residence and granted Heidi Sarno a 30–day license to use the Residence rent free. The purpose of the license was to facilitate a sale of the Residence to Sarno. The sale of the Residence had apparently been arranged sometime earlier, although it is not clear when.

Zohner's homestead declaration was recorded with the Clark County Recorder on April 7, 1993. On the same date, Zohner filed a motion to avoid judgment liens on the Residence and a motion to approve the sale of the Residence to Sarno.

On May 4, 1993, judgment lien creditors Donna and Phillip Galardi filed an objection to Zohner's homestead exemption ("Objec-

---

1. Section 115.020 states in relevant part:
   2. The declaration must state:
   . . .

(c) When made by any claimant under this section, that it is their or his intention to use and claim the property as a homestead.

tion").[2] The Objection asserted that the exemption was invalid because Zohner was no longer living at the Residence. Zohner then filed points and authorities supporting the claim of exemption. After hearings on June 1 and 7, 1993, the court took under advisement the validity of Zohner's homestead exemption.

## ISSUES

A. Whether a Chapter 7 debtor may claim a homestead exemption when the declaration of homestead is filed post-petition.

B. Whether a homestead exemption is valid when the property owner intends to sell the property at the time the exemption is claimed.

### A. Time of Recording Homestead Declaration

■ The first issue presented here is resolved by the Supreme Court's 1943 decision, *Myers v. Matley*, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1943). In *Myers*, the debtor filed bankruptcy and, about one month later, recorded a homestead declaration. *Id.* at 623–624, 63 S.Ct. at 782. The bankruptcy referee denied the debtor's claim of a homestead exemption. The district court reversed the referee and the Ninth Circuit affirmed. *Id.* at 624, 63 S.Ct. at 782.

The Supreme Court granted certiorari and held for the debtor. The Court analogized the filing of bankruptcy to a levy for the benefit of creditors which "clothed [the trustee] with the right of an execution creditor with a levy on the property which passes into the trustee's custody." *Id.* at 627, 63 S.Ct. at 783. The Court phrased the issue before it as follows:

> Our question then is whether, under the constitution and statutes of Nevada, a declaration of homestead would be effective as against a creditor to prevent a judicial sale of the property if made and recorded after levy but before sale thereunder. If it would, it must be equally effective as against the trustee, whose

rights rise no higher than those of the supposed creditor and attach at the date of the inception of bankruptcy.

*Id.* at 627, 63 S.Ct. at 783. The Court held that because, under Nevada law, an effective homestead may be recorded at any time before an execution sale, the homestead recorded by the debtor was valid. *Id.* at 627–628, 63 S.Ct. at 783. *See also In re Gitts*, 116 B.R. 174 (9th Cir.BAP 1990) (applying reasoning of *Myers v. Matley* to Washington law).

In light of *Matley*, the fact that Zohner did not execute and record her homestead declaration until after she filed bankruptcy does not invalidate her exemption claim. Thus, with respect to timing, her exemption claim is valid.

### B. Intention to Sell the "Homestead"

■ Numerous cases have addressed the situation where a debtor sells his or her homestead during the course of a bankruptcy case. These cases have almost universally concluded that, because a debtor's right to claim an exemption is determined as of the date debtor files bankruptcy, a post-petition sale of the property is irrelevant to whether the exemption is valid. The debtor is entitled to exempt proceeds of the sale up to the amount of the relevant exemption from the bankruptcy estate. *See In re Herman*, 120 B.R. 127, 130 (9th Cir.BAP 1990); *In re Seyfert*, 97 B.R. 590, 592 (Bankr.S.D.Cal.1989); *In re Lindsey*, 94 B.R. 723, 724 (Bankr.S.D.Ala.1988); *In re Bernstein*, 62 B.R. 545, 550 (Bankr. D.Vt.1986). *See also In re Whitman*, 106 B.R. 654, 656 (Bankr.S.D.Cal.1989) (applying same principle in Chapter 11 case converted to Chapter 7). *But see In re Knudsen*, 80 B.R. 193, 196–197 (Bankr.C.D.Cal. 1987) (reaching opposite result although *Herman* appears to overrule *Knudsen sub silencio*, 120 B.R. at 131). Thus, the fact that Zohner seeks to sell her homestead (and probably so intended when she filed

---

**2.** The Galardis also filed a separate objection to the sale on the ground, *inter alia,* that the sale price is too low. The motion for approval of the sale of the Residence will be resolved independently of the instant motion to avoid liens.

bankruptcy) does not impair her exemption claim.

■ The case at bar is nevertheless troubling because when Zohner executed her homestead declaration (in which she stated that she intended "to use [the Residence] as a Homestead") she clearly did not intend to continue living at the Residence. Indeed, the very next day (and before the homestead declaration was recorded), she vacated the Residence and granted the prospective purchaser a license to use the Residence until the sale could be completed. These facts undercut Zohner's alleged intention to use the Residence as a homestead and bring into doubt the veracity of the statements made in the declaration.

The question thus becomes whether a valid homestead exemption can be asserted when the technical requirements of the homestead statute are satisfied, but the statements made in the homestead declaration are false. There are no Nevada cases addressing this question. Logic dictates, however, that when it enacted the homestead statute the legislature intended that the statements contained in the declaration be accurate. That is, an implicit requirement is that the declaration, in order to be valid, must be truthful. Because in this case the veracity of the statements in the declaration is in question, the court will hold an evidentiary hearing on August 9, 1993 at 1:30 p.m. to determine whether, in light of all the facts and circumstances, Zohner's statements in the declaration are accurate.