**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  RACHAEL ANNE EARL, | No.    16-16428 |
| Debtor, | D.C. No. 2:15-cv-01693-SMM |
| ------------------------------ | |
| RACHAEL ANNE EARL, | |
| Plaintiff-Appellant, | MEMORANDUM[*] |
| v. | |
| LUND CADILLAC, LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted November 16, 2017[**]
San Francisco, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Debtor Rachael Earl ("Debtor") filed for Chapter 13 bankruptcy relief in October 2013.[1] Debtor's filing stated that she owned two residential properties: the Claiborne property and the Sunnyvale property. Debtor initially claimed a homestead exemption in the Claiborne property, where she and her family resided at the time she filed for bankruptcy. After unsuccessfully trying to set aside a foreclosure on the Claiborne property, Debtor amended her filing to claim a homestead exemption in the Sunnyvale property instead. Lund Cadillac ("Creditor"), an unsecured creditor, objected to Debtor's amended exemption. The bankruptcy court sustained the objection and the district court affirmed. This appeal followed.

Whether Debtor can amend her petition to claim an exemption in the Sunnyvale property is controlled by the "snapshot rule," which provides that "bankruptcy exemptions are fixed at the time of the bankruptcy petition." *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012) (citing *White v. Stump*, 266 U.S. 310, 313 (1924)). Under the Supreme Court's decision in *White v. Stump*, whether a debtor is entitled to claim a particular exemption is determined as of the date the debtor files for bankruptcy. 266 U.S. at 313-14; *see also Myers v. Matley*, 318 U.S. 622, 628 (1943) (explaining "that the bankrupt's right to a homestead

---

[1] Debtor's Chapter 13 petition was subsequently converted to a Chapter 7 proceeding.

exemption becomes fixed at the date of the filing of the petition in bankruptcy and cannot thereafter be enlarged or altered by anything the bankrupt may do"). Although both the Federal Rules of Bankruptcy Procedure and Arizona law allow a debtor to assert a post-petition exemption, a debtor may do so only where the exemption could have properly been claimed as of the petition date.[2]

The Federal Rules of Bankruptcy Procedure provide that a debtor may amend her exemptions "as a matter of course at any time before the case is closed."[3] Fed. R. Bankr. P. 1009(a). But whether a debtor is permitted to claim an exemption is determined based on the debtor's rights on the petition date. *See White*, 266 U.S. at 313. Thus, while Rule 1009(a) allows a debtor to amend her filings, it does not allow a debtor to claim an exemption that she was not entitled to claim at the time of filing.

Under Arizona law, a debtor is entitled to claim a homestead exemption at any time prior to the sale of the property. *See Schultz v. Mastrangelo*, 333 F.2d

---

[2] While federal law provides a default set of bankruptcy exemptions, states may instead "opt out and define their own exemptions" under 11 U.S.C. § 522(b). *In re Jacobson*, 676 F.3d 1193, 1198 (9th Cir. 2012). Because Arizona has chosen to opt out, Arizona law determines the scope of the homestead exemption available to Debtor. *In re Gebhart*, 621 F.3d 1206, 1208 n.1 (9th Cir. 2010). The point in time at which an exemption arises, however, is still a matter of federal law. *See White*, 266 U.S. at 313.

[3] Whether a debtor can amend a bankruptcy schedule to claim an exemption "is much the same thing" as whether a debtor is permitted to claim an exemption. *Law v. Siegel*, 134 S. Ct. 1188, 1196 (2014).

278, 279 (9th Cir. 1964) (citing *First Nat'l Bank of Mesa v. Reeves*, 234 P. 556, 559 (Ariz. 1925)). As the Supreme Court explained in *Myers* when evaluating a similar Nevada statute, the dispositive issue for determining whether a debtor can later claim an exemption is whether the right to the exemption existed at the time of filing. *Myers*, 318 U.S. at 784.[4] Accordingly, Debtor's appeal hinges on whether she was entitled to claim the Sunnyvale property at the time she filed for bankruptcy.[5]

Arizona law requires that a debtor reside in a property to claim it as exempt. Ariz. Rev. Stat. § 33-1101(A)(1). Residency "requires at least the physical presence of the individual claiming a homestead exemption." *In re Elia*, 198 B.R. 588, 597 (Bankr. D. Ariz. 1996). Once a homestead has been established by law, a

---

[4] The cases on which Debtor relies do not change this result. In particular, *Rogone v. Correia*, 335 P.3d 1122, 1129 (Ariz. Ct. App. 2014), did not concern bankruptcy. It did not, therefore, implicate the rule articulated in *White* and *Myers*. *In re Gitts*, 116 B.R. 174 (B.A.P. 9th Cir. 1990), is also not to the contrary. In *Gitts*, in fact, the debtor had the right to claim a homestead exemption on the petition date, and the Bankruptcy Appellate Panel confirmed that the right to a bankruptcy exemption "is generally determined by facts as they existed on the date bankruptcy was filed." *Id.* at 178.

[5] There is some case law indicating that conversion of a case from Chapter 13 to Chapter 7 might impact the relevant date for applying the "snapshot rule." *See In re Winchester*, 46 B.R. 492, 495 (B.A.P. 9th Cir. 1984), *superseded by statute on other grounds*, 11 U.S.C. § 348(f)(1)(A), *as recognized in In re Rogers*, 278 B.R. 201, 204 (Bankr. D. Nev. 2002). Here, though, Debtor lived at the Claiborne residence both when she filed for bankruptcy and when her case was converted to Chapter 7. Accordingly, the outcome is the same regardless of which date is used for the "snapshot."

"claimant may remove from the homestead for up to two years without an abandonment or a waiver of the exemption." Ariz. Rev. Stat. § 33-1104. Applying Arizona's statutory scheme here, Debtor was not entitled to claim a homestead exemption in the Sunnyvale property on the petition date.[6] Debtor did not reside in the Sunnyvale property at the time she filed for bankruptcy, and she waived any argument that she was entitled to the homestead exemption on the ground that she had previously resided in the Sunnyvale property four years earlier and always intended to return.

In sum, because Debtor did not have the right to claim a homestead exemption in the Sunnyvale property on the date she filed for bankruptcy, she also had no right to claim such exemption post-petition. Accordingly, we **AFFIRM** the district court's decision sustaining Creditor's objection to the exemption.

---

[6] Debtor's reliance on *Law v. Siegel*, 134 S. Ct. 1188 (2014), is unavailing. In *Siegel*, the Supreme Court held that a court cannot deny a debtor's otherwise legitimate homestead exemption "absent a valid statutory basis for doing so," and further explained that the federal bankruptcy statutes do not provide a statutory basis for denying an exemption due to a debtor's general bad faith. *Id.* at 1196-97. Here, however, the issue is that Debtor does not in fact have any statutory right to the homestead exemption in the first place. *Siegel* is therefore inapplicable.