**In re Charlotte Caroline CLELAND, Debtor.**

**Bankruptcy No. 92–40991–7.**

United States Bankruptcy Court,
D. Kansas.

Dec. 14, 1992.

---

**64**

Mark W. Works of Works, Works & Works, P.A., Topeka, KS, for debtor.

Robert L. Baer, Cosgrove, Webb & Oman, Topeka, KS, trustee.

Jan Haley Maxwell, of Topeka State Hosp. Legal Services, Topeka, KS, for the State of Kan.

## ORDER DISMISSING CASE

JOHN T. FLANNAGAN, Bankruptcy Judge.

The Trustee's motion to dismiss, the response thereto of debtor's attorney, and related pleadings came on for hearing on October 1, 1992. The trustee, Robert L. Baer, appeared in person. Debtor's attorney, Mark W. Works of Works, Works & Works, P.A., Topeka, Kansas, also appeared. The State of Kansas on behalf of the Topeka State Hospital appeared by Jan Haley Maxwell of Topeka State Hospital Legal Services. After hearing the arguments of counsel, the Court allowed the parties an opportunity to file briefs in support of their respective positions.

The trustee and debtor's counsel now have filed their respective briefs and responses. The Court, having reviewed the pleadings and considered the arguments and authorities submitted, grants the motion to dismiss, subject to payment of the trustee's administrative expenses and fees.

The Court finds that this proceeding is core under 28 U.S.C. 157 and that the Court has jurisdiction under 28 U.S.C. 1334 and the general reference order of the District Court effective July 10, 1984.

Charlotte Caroline Cleland, filed for Chapter 7 relief on May 21, 1992, and died on June 21, 1992.

Debtor's schedules list only one creditor, Topeka State Hospital, with a debt of $14,131.04. Topeka State Hospital filed a proof of claim indicating a debt of $13,591.04.

Debtor's schedule of assets lists real property valued at $40,000.00 and personal property valued at $3,250.00. The $40,000.00 home was claimed and allowed as an exempt homestead, thereby removing it from the bankruptcy estate property available to pay the sole claim of Topeka State Hospital. This leaves the bankruptcy estate with insufficient funds to pay the Topeka State Hospital's total claim.

According to the pleadings filed by debtor's counsel, the debtor's former fiancee, Charles H. Rohr, is named in her Will as her sole legatee.

Debtor's counsel argues that the Court should allow the case to proceed and grant debtor a discharge, thereby discharging her estate of any liability for the Topeka State Hospital debt. The trustee contends that the case should be dismissed, noting that the debtor stated under penalty of perjury in Schedule I that she was single and had no dependents other than herself; that the debtor had only one creditor; and that the legatee under the Will should not be granted the "fresh start" clearly intended for the debtor.

Section 707(a) of Title 11 states:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

■ The Bankruptcy Code does not define "cause". However, the legislative history makes it clear that the three subsec-

tions of § 707(a) are merely illustrative, rather than exclusive, examples of cause. See, H.R. No. 95–595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 94 (1978), U.S.Code Cong. & Admin.News 1978 pp. 5787, 5880, 6336. "A Chapter 7 case may also be dismissed for other reasons which constitute 'cause'." *In re Campbell*, 124 B.R. 462, 464 (Bankr. W.D.Pa.1991).

The court in *Campbell* noted that the "basic objective of bankruptcy law is two-fold: it is designed to achieve just and equitable distribution of assets to creditors and to relieve a debtor from the weight of oppressive indebtedness, thereby giving the debtor a 'fresh start'." *Id.* at 464 (citation omitted). See also *In re Krohn*, 886 F.2d 123, 127–28 (6th Cir.1989).

In determining a motion to dismiss, the Court must balance the equities and consider the benefits and prejudices of a dismissal. *In re Blue*, 4 B.R. 580 (Bankr.D.Md. 1980). "Since equitable principles may be applied under the present Bankruptcy Code, the decision whether to grant a motion to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge." *Matter of Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir.1988).

█ The Court finds that the facts of this case support dismissal for cause under § 707(a) since the objectives of bankruptcy law would not be met by continuing this case and the interests of the sole creditor would be best served by the dismissal.

As the pleadings and schedules establish, the deceased debtor has no dependents and only one creditor. The value of the assets owned by the debtor are more than sufficient to satisfy the claim of her creditor. Those assets are presently being administered in the debtor's probate estate where the sole creditor has filed a claim. Allowing the bankruptcy to proceed provides no benefit to the debtor or to any dependent of the debtor and hampers the sole creditor's collection efforts in the state court. Granting the debtor a discharge could prevent the Topeka State Hospital from collecting its claim against the $40,000.00 real property being administered in the state probate case. The Court finds that these circumstances furnish sufficient cause to justify dismissal of this case under § 707(a). The dismissal shall be subject to the payment of any administrative fees or expenses of the estate. The trustee is directed to make application for any fees or expenses within 30 days of the date of this order.

The foregoing discussion shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.