**In re Albert N. ABRAHAMS, Debtor.**

**Bankruptcy No. 93–22383–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Sept. 23, 1993.

Stefanie F. Belle, Law Offices of Elkins and Freedman, Fort Lauderdale, FL, for debtor.

John Barbee, Fort Lauderdale, FL, Trustee.

Office of Asst. U.S. Trustee, Charles Glidewell, Acting Asst. U.S. Trustee, Miami, FL.

### ORDER VACATING ORDER DISMISSING CASE AND RESETTING 341 MEETING

A. JAY CRISTOL, Chief Judge.

THIS CAUSE was heard upon the Debtor's Motion to Vacate Order Dismissing Case for Failure to Appear at 341 Meeting and Motion to Reset 341 Meeting.

This case involves a debtor who passed away after filing his chapter 7 bankruptcy petition but prior to the 341 Meeting. 11 U.S.C. § 341. The Debtor's case was dismissed pursuant to the Trustee's Ex–Parte Motion to Dismiss Case for Failure to Appear at the 341 Meeting of Creditors. That motion did not indicate that the Debtor had passed away prior to the 341 Meeting. The Debtor's attorney now seeks to vacate the dismissal order, reset the 341 Meeting, and allow the Debtor's Personal Representative to appear on behalf of the Debtor.

The death of a chapter 7 debtor is not, by itself, a reason for such a debtor's case to be dismissed. *See* F.R.Bankr.P. 1016 ("Death or Incompetency of Debtor"). Moreover, the Court will not dismiss the Debtor's case for his (most excusable) failure to attend the 341 Meeting. The cases examined[1] indicate that where a debtor has passed away, his case may, like any other case, be dismissed "for cause" pursuant to 11 U.S.C. § 707(a). Assuming the circumstances of this case can be shown to constitute "cause", this means of dismissal remains available to the Trustee (or creditors). Accordingly, it is

**ORDERED** that

1) the August 30, 1993 Order of Dismissal is vacated;

---

**1.** *See e.g., In re Cleland,* 150 B.R. 63 (Bankr. D.Kan.1993); *In re Eads,* 135 B.R. 380 (Bankr. E.D.Cal.1991); *In re Gridley,* 131 B.R. 447 (Bankr.D.S.D.1991).

2) the Debtor's Personal Representative is authorized to appear on behalf of the Debtor; and

3) the Clerk shall reset and renotice the § 341 Meeting.

**DONE AND ORDERED.**