**In re Bruce Carl COMBS, Debtor.**

**Bankruptcy No. 93–42166 TK.**

United States Bankruptcy Court, N.D. California.

April 18, 1994.

Ralph C. Petersen, San Francisco, CA, for debtor.

taxes.

## MEMORANDUM OF DECISION

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

John T. Kendall, the duly appointed trustee of the above-captioned chapter 7 estate (the "Trustee"), objects to the claim of a homestead exemption by a debtor (the "Debtor") who died shortly after filing the bankruptcy petition. For the reasons stated below, the Court concludes that the Trustee's objection should be overruled, and the deceased Debtor's claim of exemption allowed.

## SUMMARY OF FACTS

The relevant facts are undisputed. The Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code on March 29, 1993. At the time the bankruptcy petition was filed, the Debtor was unmarried, physically disabled, and receiving Social Security disability benefits. In his bankruptcy schedules, the Debtor claimed a $100,000 homestead exemption in certain real property located at 6727 Waverly Road, Martinez, California (the "Home"). Ten days prior to filing the petition, the Debtor recorded a declaration of homestead in Contra Costa County, the county where the Home is located. At the time the petition was filed, the Home was the Debtor's principal residence.

On April 12, 1993, two weeks after the chapter 7 petition was filed, the Debtor died. At the time of his death, the Debtor had no spouse or children. On May 26, 1993, the Trustee filed an objection to the now deceased Debtor's claimed homestead exemption. The objection was opposed by the executor of the Debtor's will who was also the principal beneficiary under the will (the "Beneficiary"). The Trustee's objection was heard by this Court on December 9, 1993 and at a continued hearing on February 3, 1994. At the conclusion of the hearing, the Court announced its decision that the exemption would be allowed and the Trustee's objection to the exemption overruled. The basis for the Court's decision is explained below.

## DISCUSSION

The Trustee concedes that, but for the Debtor's death, he would have been able to claim a homestead exemption in the amount of $100,000 in the Home under Section 704.-730(a)(3)(B) of the California Code of Civil Procedure.[1] The sole issue is whether a homestead exemption should be disallowed when a Debtor dies after the commencement of the bankruptcy case.

Section 704.995(a) provides that a declared homestead will survive the declarant's death only if the home remains the principal dwelling of the declarant's surviving spouse or other member of the family of the decedent. Cal.Civ.Proc.Code § 704.995(a) (West 1994). Although the declared homestead remained the principal dwelling of the Beneficiary after the declarant's death, the Beneficiary does not qualify as either the surviving spouse of the declarant or as a member of the declarant's family.[2] Because exemption rights change from time to time, courts have frequently been asked to decide what date determines a debtor's exemptions rights. The general rule is well established. Exemption rights are determined as of the date of the bankruptcy petition. *See Myers v. Matley,* 318 U.S. 622, 626–28, 63 S.Ct. 780, 783–84, 87 L.Ed. 1043 (1943); *White v. Stump,* 266 U.S.

1. Under California Code of Civil Procedure § 704.730(a), if a debtor is physically disabled, he is entitled to a homestead exemption of $100,-000. If a debtor is receiving Social Security disability, there is a rebuttable presumption that he is disabled within the meaning of this provision. Cal.Civ.Proc.Code § 704.730(a) (West 1994). As noted above, the Debtor was receiving Social Security disability benefits when the bankruptcy petition was filed. The Trustee has offered no evidence to rebut the presumption that the Debtor was disabled. Thus, the Debtor's disability has been legally established in addition to being obvious as a matter of common sense.

2. Article 5, which governs declared homesteads, within which § 704.995 is found, does not define the phrase "member of the family of the decedent." However, "family unit" is defined in California Code of Civil Procedure § 704.710(b), which governs homestead exemptions in general. Cal.Civ.Proc.Code § 704.710(b) (West 1994). The Beneficiary does not qualify as a member of the Debtor's family unit under that definition.

310, 312–13, 45 S.Ct. 103, 103–104, 69 L.Ed. 301 (1924).[3]

As stated in *White v. Stump*, 266 U.S. 310, 313–14, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924):

> [T]he point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed.... When the law speaks of property which is exempt and of rights to exemptions it of course refers to some point in time. In our opinion, this point in time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed.

266 U.S. at 313, 45 S.Ct. at 104.

In addition to these general authorities, the Beneficiary relies principally on *In re Peterson*, 897 F.2d 935 (8th Cir.1990). In *Peterson*, as in the instant case, the debtor died after the bankruptcy petition was filed but before the case was closed. As in the instant case, the deceased debtor left no surviving spouse or child. The bankruptcy court sustained the trustee's objection to the deceased debtor's claim of exemption. The district court reversed and was affirmed by the Eighth Circuit.

The *Peterson* court begins by noting two bankruptcy court decisions reaching the same result on identical facts: *In re Friedman*, 38 B.R. 275, 276 (Bankr.E.D.Pa.1984) and *In re Rivera*, 5 B.R. 313, 315–16 (Bankr. M.D.Fla.1980) (holding debtor not entitled to claim homestead exemption where facts giving rise to exemption right did not occur until after petition date). The court also notes the policy expressed in Rule 1016 of the Federal Rules of Bankruptcy Procedure. Rule 1016 provides that a chapter 7 case will not be abated by the post-petition death of the debtor and will be administered in the same manner, to the extent possible, as if the death had not occurred.

The court next notes that 11 U.S.C. § 522(b)(2)(A) provides that the law in existence on the petition date controls the debtor's exemption rights. It would appear illog-

ical and asymmetrical, the court concludes, to apply the law in effect on the petition date to facts occurring on some later date. Finally, the court concludes that, to permit subsequent facts to alter a debtor's exemption rights, would create uncertainty and promote delay, thereby interfering with a debtor's right to a fresh start. *Peterson*, 897 F.2d at 937–38.

The Trustee relies principally on *In re Golden*, 789 F.2d 698 (9th Cir.1986). In *Golden*, the Ninth Circuit Court of Appeals held that a debtor lost his right to a homestead exemption in the proceeds of a voluntary sale of a declared homestead by failing to reinvest the proceeds within six months as required by California Code of Civil Procure section 704.960. On the petition date, the six month period had not yet expired. Thus, this determination required the court to look ahead to what occurred (or rather failed to occur) after the petition date.

However, other Ninth Circuit authority confirms that the facts in existence on the petition date, as well as the law, controls a debtor's exemption rights. *In re Anderson*, 824 F.2d 754 (9th Cir.1987). In *Anderson*, the debtors claimed a homestead exemption under a statute requiring continuous residence in the homestead. The debtors had in fact resided in the residence at the time they recorded their declaration of homestead but were not residing there when the bankruptcy petition was filed. *Cf. In re Knudsen*, 80 B.R. 193, 196 (Bankr.C.D.Cal.1987) (fact that debtors moved from residence *after* petition date did not warrant denying homestead exemption despite requirement in state exemption statute of continued residence in the dwelling). *See also In re Gitts*, 116 B.R. 174, 178 (9th Cir. BAP 1990), *aff'd*, 927 F.2d 1109 (9th Cir.1991) ("[t]he right to exemptions under the Bankruptcy Code ... is generally determined by facts as they existed on the date bankruptcy was filed.").

At first blush, the *Golden* decision appears to be at odds with this line of cases. However, on further reflection, it becomes clear

---

**3.** If exemptions are claimed under state law, however, the state law may itself limit the debtor to exemption rights available on a date earlier

than the petition date, such as the date a judgment lien was recorded on the real property. Cal.Civ.Proc.Code § 704.965 (West 1994).

that the issue presented in that case *requires* a deviation from the general rule. In *Golden*, the exemption statute on which the debtor relied had a "sunset provision" contained in the exemption statute itself. The debtor was required to change his circumstances by reinvesting the sale proceeds within six months in order to preserve and perfect his right of exemption. The exemption right itself thus required the court to consult facts occurring after the petition date. *But see In re Seyfert*, 97 B.R. 590, 592 (Bankr.S.D.Cal. 1989) (exemption allowed in the proceeds of a declared homestead sold by the trustee after the petition was filed without requiring the debtor to prove that the funds would be reinvested within the six month period required by the state statute).

The homestead exemption at issue in the instant case contains no such "sunset provision." The Debtor's exemption rights were fully vested on the petition date. He was not required to change his circumstances to preserve his right to an exemption. Thus, the Court is not required to consider post-petition occurrences in determining his exemption rights. Under those circumstances, the general rule applies, making changed circumstances irrelevant.

The Court also relies on dictum contained in *In re Combs*, 101 B.R. 609 (Bankr. 9th Cir.1989). In *Combs*, the Ninth Circuit Bankruptcy Appellate Panel addressed the issue of whether a spouse's post-petition death should be considered in determining the dischargeability of the debtor's spousal support obligations. The Panel found that the circumstances as they exist on the date the petition was filed are determinative in a nondischargeability action. Thus, the Panel concluded that the wife's post-petition death was irrelevant to a determination of the dischargeability of the debt.

In reaching this conclusion, the Panel reasoned that the petition date is a "guidepost" in establishing parties' rights in bankruptcy. *In re Combs*, 101 B.R. at 614–15. The Panel stated that "[t]he date of petition is seen as the critical date for several other determinations in a bankruptcy case. *For example, it is on that date when the debtor's rights in exempt property are defined, despite a later change in circumstances." Id.* at 614. [Emphasis added.]

The Trustee also argues general considerations of fairness. He contends that it is inequitable to permit a deceased debtor, who is no longer in need of a fresh start, to discharge his debts and pass on his exempt assets free from those debts to his beneficiary. This may indeed appear unfair from a present vantage point. However, prevailing authority teaches us that this is not the correct point from which to view the issue, rather, it should be viewed from the state of affairs on the petition date. On that date, the Debtor was alive and thus legally entitled to a fresh start. Moreover, the Court notes that, from a creditor's point of view, the creditor receives no less under the present circumstances than it would receive if the Debtor, rather than the Beneficiary, received the practical benefit of the homestead exemption.

Moreover, absent a rule requiring exemption rights to be determined as of the petition date, it would be difficult to select an appropriate alternative cutoff date. In *Peterson*, the debtor died eight months after the petition was filed. In the instant case, the Debtor died only two weeks after the petition was filed. Should the exemption be permitted in *Peterson* but not in the instant case? If the deadline is the closing of the case, does this not create an inequitable inconsistency in that, in different jurisdictions, cases are closed at different rates? Moreover, since a case may be readily reopened, does such a deadline make any sense?

Setting the deadline as the date by which objections to a claim of exemption must be filed might be an appropriate cutoff point. However, nothing in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure suggest that such a cutoff point was intended. In any event, it is possible that the Ninth Circuit in *Golden* would have been required to look beyond such a cutoff date to determine the debtor's right to the homestead exemption in that case. The lack of a supportable alternative cutoff date underlines the wisdom of determining a debtor's exemption rights based on both the facts and the law in existence on the petition date.

**CONCLUSION**

Because the Debtor's right to claim a homestead exemption is generally fixed upon the date the chapter 7 petition is filed, the Debtor's post-petition death does not affect his right to claim a declared homestead exemption under California law. The Trustee's objection to the Debtor's claimed homestead exemption is over-ruled. Counsel for the Beneficiary is directed to prepare and submit an order overruling the Trustee's objection to the Debtor's homestead exemption.