**In re Theresa P. LUCIO, Debtor.**

**No. 00-51716-C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Aug. 2, 2000.

## MEMORANDUM DECISION AND ORDER

LEIF M. CLARK, Bankruptcy Judge.

This Chapter 7 bankruptcy case was filed on April 28, 2000. With the consent of the Chapter 7 Trustee, the section 341 First Meeting of Creditors ("341 meeting") was reset to June 8, 2000. However, on June 1, 2000, the debtor died. Debtor's counsel quickly filed an expedited motion to waive the deceased debtor's appearance at the section 341 meeting. In the motion to waive the debtor's appearance, debtor's counsel stated that the debtor's adult daughter held a power of attorney on behalf of the deceased debtor and was a person with extensive knowledge of the deceased debtor's financial affairs. Based on these facts, debtor's counsel requested that the deceased debtor's adult daughter be allowed to appear on behalf of he deceased debtor at the section 341 meeting.

The court initially granted the debtor's counsel's motion. However, after reviewing the Chapter 7 Trustee's response and objection, the court vacated its order and issued a show cause order directing the debtor's daughter to appear and show cause why the case should not be dismissed.[1] The court was concerned that the deceased debtor's daughter was purporting to act on the debtor's behalf pursuant to a power of attorney that had expired as a matter of law upon the debtor's death.

At the show cause hearing, debtor's counsel argued that the Chapter 7 bankruptcy case should proceed notwithstanding the debtor's death. Debtor's counsel asserted that the deceased debtor's adult daughter had extensive knowledge of the debtor's financial affairs and could appear at the section 341 meeting, and could thus satisfy the requirements of section 343.[2] The Chapter 7 Trustee asserted that the case should be dismissed because a deceased debtor of course cannot appear at the section 341 meeting as required by section 343, the decedent's daughter is not a substitute recognized by the statute, and, in any event, the continuation of this no asset case can serve no useful purpose because a deceased debtor cannot possibly enjoy the benefits of discharge -- there being no "fresh start" for a deceased debtor (at least not one that this court has any power to confer).

### ANALYSIS

■ It is clear that a Chapter 7 bankruptcy case *can* continue notwithstanding the death of the debtor. Rule 1016 of the Bankruptcy Rules of Procedure says: "Death ... of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the

---

1. At the show cause hearing the debtor was represented by David Desoto. Helen Schwartz, the Chapter 7 Trustee, appeared on her own behalf. Nancy Ratchford appeared on behalf of the United States Trustee.

2. That section says that

The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. . . .

11 U.S.C. § 343.

same manner, so far as possible, as though the death ... had not occurred." FED. R.BANKR.P. 1016; *In re Peterson,* 897 F.2d 935, 938 (8th Cir.1990) (recognizing that whenever possible the "death of the debtor should not influence the administration or resolution of a bankruptcy proceeding"); *In re Gridley,* 131 B.R. 447, 450 (Bankr.D.S.D.1991) (same); *In re Tikijian,* 76 B.R. 304, 305 (Bankr.S.D.N.Y.1987) (same).[3]

Although it is clear that a Chapter 7 case can proceed notwithstanding the death of the debtor, the procedure that must be followed is murky -- especially when the death takes place post-filing but prior to the first meeting of creditors. *Collier* suggests that a Chapter 7 bankruptcy case should proceed despite the death of the debtor with appropriate adjustments made for matters that are actually affected by the death of the debtor. *See* 9 COLLIER ON BANKRUPTCY 2D, ¶ 1016.01 (15th Ed. 1996). The facts of this case impose upon the court the task of determining the appropriate adjustments that need to be made and the steps that need to be taken to proceed with a Chapter 7 bankruptcy case when the debtor dies after filing the Chapter 7 bankruptcy petition but before the first meeting of creditors.[4]

## A. WHO APPEARS AT THE FIRST MEETING OF CREDITORS?

The initial question with which both debtor's counsel and the trustee are presented when a debtor dies prior to the first meeting of creditors is who it is (if anyone) that can appear at the first meeting of creditors to satisfy the requisites of section 343. If there is no one who can fulfill that duty, then the trustee maintains such cases should not be permitted to proceed, but should instead be dismissed. Debtor's counsel initially offered the debtor's daughter as a substitute, on grounds that she "had knowledge of the debtor's affairs" and so could fulfill the statutory duty.

■ At the outset, the court rejects debtor's counsel's suggestion. Section 343 is clear: "the *debtor* shall appear and submit to examination." 11 U.S.C. § 343. The debtor's daughter is not the debtor. Her power of attorney might have given her authority to appear at the first meeting prior to the debtor's death (when the power of attorney was still valid), but that authority expired on the debtor's death. *See* TEX.PROB.CODE § 486. She is no longer the authorized agent, empowered by law to speak on behalf of the debtor. No matter how much she may know, she is not the debtor, nor is she the authorized agent for the debtor.[5]

■ But the trustee's position is also incorrect. Many debtors appear via an agent -- indeed they have no other choice. Corporate debtors can *only* appear by and through their officers or directors. Similarly, when a person dies, the decedent's es-

---

3. However, Rule 1016 does not mandate that the Chapter 7 bankruptcy case must proceed after the death of the debtor. The deceased debtor's Chapter 7 case is still subject to dismissal under § 707. *See generally In re Marra,* 179 B.R. 782, 785 (M.D.Pa.1995); *In re Cleland,* 150 B.R. 63 (Bankr.D.Kan.1992). The Trustee has not asserted that this case should be dismissed under § 707.

4. This is apparently an issue of first impression in this circuit. The court suspects that this issue, or variations of it, probably occur rather often with the court never reaching the issue because the parties ultimately reach a resolution. Although Bankruptcy Rule 1016 provides that a Chapter 7 bankruptcy case can continue after the death of the debtor, neither the Rule nor the Bankruptcy Code set out the procedures that must be followed in proceeding with the bankruptcy case. Case law is equally lacking. This opinion fills a few of the gaps left open by Rule 1016 in the context of a Chapter 7 case.

5. The potential for fraud is clear were the rule otherwise, for the court, the trustee, and creditors have no independent means to verify whether a given person's remonstrations that they can answer everyone's questions are in fact true. A family member who actually does not have the debtor's best interests in mind might offer themselves without actual authority, and who would know?

tate continues as a legal entity, with the authority to sue and be sued, to administer assets, and to pay liabilities. The decedent's estate accomplishes these matters by means of a personal representative authorized by state law to act on behalf of the estate. *See* TEX.PROB.CODE §§ 37, 178.[6] Thus, the personal representative of the decedent's estate is the person authorized to appear on behalf of the "debtor" at the first meeting of creditors, and satisfies the statutory requirements of section 343 much the same as an officer or director of a corporate entity that files bankruptcy. *Accord In re Abrahams*, 163 B.R. 606, 607 (Bankr.S.D.Fla.1993); *In re Eads*, 135 B.R. 380 (Bankr.E.D.Cal.1991).

The personal representative in Texas does not acquire the authority to speak on behalf of the decedent's estate however until the Probate Court issues letters testamentary or letters of administration. *See* TEX.PROB.CODE §§ 178, 183. Thus, there can be no appearance at the first meeting by "the debtor" in circumstances such as those *sub judice* until such letters have been issued. It may well be necessary to continue the first meeting to afford the personal representative a fair opportunity to obtain such letters from the state probate court, and that is what needs to be done in this particular case.

## B. ADMINISTERING THE BANKRUPTCY ESTATE

Difficult questions regarding coordination of administration could conceivably arise when a debtor dies during the pendency of the bankruptcy case. State law entrusts all property of a decedent to the personal representative, and imposes on that person the duty to satisfy all claims out of that property. But federal bankruptcy law will already have swept up the decedent's pre-bankruptcy property into the bankruptcy estate, entrusting its administration to the trustee, who has a similar duty to satisfy claims. How is one to reconcile these facially competing duties?

In a typical probate proceeding, upon death all of the decedent's assets and liabilities are automatically vested in the probate estate and administered by the personal representative. The decedent's liabilities must be satisfied prior to the personal representative making any distribution to the heirs or beneficiaries. *See* TEX. PROB.CODE § 37. If a person dies while their Chapter 7 bankruptcy is pending, however, what goes into the probate estate is dramatically changed. If a bankruptcy is pending when a person dies, the only assets that go into the probate estate are the property claimed as exempt in the debtor's bankruptcy case (assuming no objections to those exemption claims are sustained) and any property acquired by the debtor after the commencement of the bankruptcy case. Conversely, the only debts for which the probate estate is liable are those incurred by the decedent after the filing of the bankruptcy petition. *See In re Gridley*, 131 B.R. 447, 451 (Bankr.D.S.D.1991).[7] The result is that the deceased debtor's pre-bankruptcy debts are discharged in the bankruptcy, and the deceased debtor's exempt assets are passed to the probate estate free of that debt. *See In re Combs*, 166 B.R. 417, 420 (Bankr.N.D.Cal.1994).

Although probate and bankruptcy proceedings may proceed simultaneously with little or no difficulty, it is important that the proceedings remain independent of each other. For example, the bankruptcy court has exclusive jurisdiction to determine the debtor's exemptions as of the date of filing, but does not have jurisdiction to determine exemptions in the pro-

---

6. In Texas the personal representative of the debtor's estate is either the executor, if named in the will, or the administrator if the person dies intestate. *See e.g.* TEX.PROB.CODE § 178; 28 TEX. JUR. 3d DECEDENTS' ESTATES § 8 (1996).

7. In other words, "everything up to the commencement of the bankruptcy case is handled by the bankruptcy court and everything post-petition and after death is administered by the probate court." *In re Gridley*, 131 B.R. 447, 451 (Bankr.D.S.D.1991).

bate estate as that is a matter left for the Texas probate court. The probate estate has no authority to supervene the bankruptcy trustee's exclusive control over property of the bankruptcy estate. *See* 28 U.S.C. § 1334(d). Neither can the probate estate entertain collateral attacks on the claims allowance process.

 The most significant issue in reconciling the administration of related bankruptcy and probate proceedings is the bankruptcy discharge. A Chapter 7 bankruptcy case for an individual normally culminates in the discharge of the debtor's debts. The legislative history of section 541 highlights why the bankruptcy discharge is important in a related probate proceeding:

Once the estate is created, no interests in property of the estate remain in the debtor. Consequently, if the debtor dies during the case, only property exempted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue *in rem* with respect to the property of the estate [sic], *and the discharge will apply in personam to relieve the debtor, and his probate representative, of liability for dischargeable debts.*

*See* S.Rep. No. 95-989, 95th Cong., 2d Sess. 83; reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5869 (emphasis supplied). The ultimate beneficiaries of the discharge will, of course, be the beneficiaries, who will take any excess assets (and all exempt property) free of bankruptcy claims. By the same token, a claim that would be eligible for an exception to discharge will continue to enjoy that exception notwithstanding the debtor's death. However, a creditor's success may prove to be Pyrrhic, as any subsequent recovery will be limited to excess distribution of assets from the probate estate of the decedent. A finding of nondischargeability does not confer on the creditor any right to pursue beneficiaries of the decedent's estate once the probate administration has been completed.

### CONCLUSION

Based on the foregoing, the court concludes that this Chapter 7 case can proceed under the direction of the personal representative of the deceased debtor's probate estate. Furthermore, the personal representative can appear on behalf of the deceased debtor at the section 341 meeting. Accordingly, the section 341 meeting in this case should be rescheduled to a date more than 45 days after the entry of this order to allow the personal representative of the debtor's probate estate sufficient time to proceed in probate court and to obtain letters actually authorizing that person to proceed as the personal representative of the debtor's probate estate. Only after such verification is obtained from the probate court may the personal representative of the debtor's probate estate proceed with the deceased debtor's Chapter 7 bankruptcy case and appear at the section 341 meeting.

**SO ORDERED.**