**In re Ralph E. HAMILTON & Janice F. Hamilton, Debtors.**

**No. 98–53227–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Oct. 9, 2001.

Cathy A. Kelley, Goode, Casseb, Jones, Riklin, Choate & Watson, San Antonio, TX, for Mazda American Credit.

June Ann Mann, Mann & Stevens, P.C., Houston, TX, for First Nationwide Mortgage Corporation.

David P. Volkman, Offices of David L. Clarkson, San Antonio, TX, for Janice F. Hamilton and Ralph E. Hamilton.

**ORDER DENYING MOTION TO EXCUSE DEBTOR FROM ATTENDING § 341 MEETING AND EXCUSE HIM FROM SIGNING AMENDED SCHEDULES**

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. In a nutshell, Ralph Hamilton passed away. The case has been converted to Chapter 7. A new § 341 meeting is required to be held, and is supposed to be attended by "the debtors." The motion asks that Janice Hamilton be permitted to appear on behalf of her deceased husband, and to sign schedules on his behalf. The basis for her taking on these duties, as asserted in the motion, is twofold: (a) she is the only one who can sign the schedules now and (b) she is fully competent and can

testify accurately as to the debtor's financial situation.

 Oddly enough, the motion must be denied. Of course the court is not going to require the impossible—Mr. Hamilton has passed away and so of course cannot appear or sign schedules. But this court has already ruled in a published opinion that, when a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as official representative of the probate estate of the debtor. *See In re Lucio*, 251 B.R. 705, 708–09 (Bankr.W.D.Tex.2000). In Texas, the personal representative authorized to speak and act on behalf of the probate estate of a decedent is either an administrator appointed by the court or an executor appointed under a valid will admitted to probate. *See* TEX. PROB. CODE, § 37, 178 (West 2000); *see also* 28 TEX. JUR. 3D DECEDENTS' ESTATES § 8 (1996).

It may well be that Ralph Hamilton's spouse, Janice, is in fact the executor duly appointed under the will of Ralph Hamilton. That fact is not apparent on the face of this pleading however. It would, in any event, be necessary for letters testamentary to be issued confirming that the executor appointed in the will is in fact duly authorized at law to act on behalf of the decedent's estate. Obviously, these things take time, and it may be necessary to continue the § 341 meeting until the probate procedures can be completed in state court. As this court pointed out in *Lucio:*

> The personal representative in Texas does not acquire the authority to speak on behalf of the decedent's estate however until the Probate Court issues letters testamentary or letters of administration. *See* TEX.PROB.CODE §§ 178, 183.

Thus, there can be no appearance at the first meeting by "the debtor" in circumstances such as those *sub judice* until such letters have been issued. It may well be necessary to continue the first meeting to afford the personal representative a fair opportunity to obtain such letters from the state probate court, and that is what needs to be done in this particular case.

*Lucio*, 251 B.R., at 709. Rather than excusing the debtor from appearing, the court will instead continue the first meeting so that letters testamentary can be obtained in state court. Once that is done, the duly appointed executor will have the authority to appear at the § 341 meeting and to sign the amended schedules.

The court spent some time explaining the procedures to follow when a debtor dies. In another case, *In re Muy Bueno Corp.*, 257 B.R. 843 (Bankr.W.D.Tex.2001), this court explained the circumstances under which a debtor (or debtor's representative) might be excused from attending the first meeting. There, the court acknowledged (as it had in *Lucio*), that the regular practice in this court has been to "excuse" a debtor from appearing at the § 341 meeting in the event of serious illness, or other similar reasonable excuses.[1] *See id.*, at 849.

Despite this practice, it is not applicable to situations like the one presented here. The reason is quite simple—the debtor whose appearance is sought to be "excused" can never appear in the future. As noted in *Muy Bueno*, courts have excused debtors from appearing on a showing of "good and sufficient cause." *See id.*, at 849; *see also In re Owens*, 221 B.R. 199

1. The court has excused appearances when debtors are relocated by their job, or are on the road for their job (in the case of certain over the road truck drivers), or because the debtor is in the military and has been stationed overseas. The court normally does not excuse appearances when the grounds are that the debtor is incarcerated.

(Bankr.W.D.Tenn.1998). In all such cases, however, the debtor *could* be compelled to appear at some later time, either for a reconvened § 341 meeting or a Rule 2004 examination. Here, by contrast, no further appearance is possible at any later stage of the case. Granted, a personal representative duly appointed under the probate laws of a given state may not be personally aware of all the affairs of a debtor-decedent. Nonetheless, the personal representative is authorized to officially speak on behalf of the estate, and to make legally binding statements on behalf of the estate, both orally and in writing (in the form of schedules and statements of affairs). The normal rules for excusing debtors from appearing thus do not apply in the case of a debtor who dies during the pendency of the case.

For the reasons stated, the motion to excuse is denied. Instead, the § 341 meeting is continued for the earlier of 45 days hence or a date after the personal representative of the decedent's estate has obtained letters testamentary or letters of administration authorizing appearance. When those documents are obtained, the personal representative shall sign the amended schedules and statement of affairs as well, on behalf of the estate of Ralph Hamilton.

So Ordered.