**In re John R. WELLS, Debtor.**

**Phillip Kenneth Wladyka, Plaintiff,**

v.

**John R. Wells, Defendant.**

**Bankruptcy No. 01–54855–C.
Adversary No. 02–5110.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Oct. 16, 2002.

922

James Samuel Wilkins, San Antonio, TX, for debtor.

Conrad Moren, Assistant Attorney General, Houston, TX, Garreth E. Shaw, San Antonio, TX, for creditors.

Johnny W. Thomas, San Antonio, TX, for trustee.

### SUA SPONTE ORDER DISMISSING ADVERSARY PROCEEDING

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the motion of the defendant to dismiss or for more definite statement in this adversary proceeding. Counsel for the defendant advised the court that his client had been murdered two weeks before, and that the alleged perpetrator was the defendant's erstwhile business partner, also a client of counsel for the defendant. He suggested that the adversary proceeding should perhaps be abated, pursuant to Rule 7025 of the Federal Rules of Bankruptcy Procedure, to afford the personal representative of the probate estate of the defendant to decide whether to be substituted as the real party in interest.

This is an adversary proceeding seeking to deny the debtor a discharge and contesting the dischargeability of the claim held by the plaintiff against the defendant. In view of the ultimate discharge that has been administered to the defendant, it would appear that no further purpose is served by continuing this litigation. *Cf. Levit v. Ingersoll Rand Fin. Corp.,* 874 F.2d 1186 (7th Cir.1989).[1] A discharge in bankruptcy insulates an individual from further personal liability to his or her prepetition creditors. When the individual dies before that discharge is granted, there is no further issue of continuing personal liability.

Here is why. Such claims as might otherwise be asserted against the debtor's probate estate are already claims in the bankruptcy estate. Such property as would otherwise have gone into the individual's probate estate are already in the bankruptcy estate. Thus, the bulk of the decedent's property is already being administered for the benefit of the decedent's creditors, regardless of discharge (and of course, regardless of the death of the debtor). The only property that could possibly pour over into the probate estate is property claimed as exempt from administration in the bankruptcy estate.[2] But that property, being exempt, could not be pursued by creditors anyway—not even by creditors who obtain an exception from discharge. *See In re Lucio,* 251 B.R. 705,

---

1. Judge Easterbrook's pithy description of the facts leading up to the bankruptcy issue then before the court have entered the annals of bankruptcy lore: "... in January 1986 Deprizio was lured to a vacant parking lot, where an assassin's gun and the obligations of a lifetime were discharged together." *Id.,* at 1187. The description aptly applies to our case as well.

2. Of course, an option would be for the bankruptcy court to dismiss the bankruptcy case, thus allowing all the estate property to pour over into the probate estate. Creditors would then file their claims in the probate estate. There seems little reason to do that in this case, given that this bankruptcy case has been pending for some time now, and the rules do contemplate that a bankruptcy case may continue even after the death of the debtor. *See* FED.R.BANKR.P. 1016.

709 (Bankr.W.D.Tex.2000); *In re Combs,* 166 B.R. 417, 420 (Bankr.N.D.Cal.1994).

Because there is no substantive relief that could be given to the plaintiff as a result of the death of the defendant prior to the entry of a discharge, there is no further purpose served in having this adversary proceeding continue. Awaiting the substitution of a personal representative, only to have that entity seek dismissal on the very grounds set out here only forces parties to spend money on technical pleadings that serve no substantive purpose. For the sake of the parties, and for the sake of the court's own docket, this adversary proceeding can and should be dismissed as moot.

It is important to emphasize the importance of timing here. Were the issues of discharge to have been settled long before the death of the debtor, the impact of discharge on the probate estate would be quite different. *See* 11 U.S.C. § 524(a)(2) (discharge enjoins any act to collect any prepetition debt as a personal liability of the debtor); TEX. PROB. CODE § 37 (all valid claims against the decedent attach to the property in the probate estate); TEX. R. CIV. P., § 94 (discharge in bankruptcy is an affirmative defense). When the debtor dies before the debtor receives a discharge, however, there is no further need of a discharge to shelter future assets from the reach of prepetition creditors because, of course, there will be no future assets. And of course, there is no need for according the debtor a fresh start, given that the debtor has come to a full stop. The only issues that remain are (1) who is best to administer non-exempt assets, the bankruptcy estate or the probate estate, and (2) what, if any assets, pour over into the probate estate for administration (including both satisfaction of post-bankruptcy obligations of the debtor and the distribution of assets to survivors and beneficiaries). Both of these questions are resolved by the bankruptcy judge, the first under Rule 1016, and the second under Rule 4003.

For the reasons stated, this adversary proceeding is dismissed as moot.

So Ordered.